**COLORADO PYROTECHNIC ASSOCIATION, Plaintiff,**

v.

**Natalie MEYER, in her official capacity as Colorado Secretary of State, Defendant.**

**Civ. A. No. 90–N–881.**

United States District Court, D. Colorado.

June 6, 1990.

---

Joe Pickard, White & Pickard, Denver, Colo., for plaintiff.

Maurice G. Knaizer, Deputy Atty. Gen., Gen. Legal Services Section, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

NOTTINGHAM, District Judge.

The matter before the court is plaintiff's motion for a preliminary injunction. The motion seeks to litigate the question of whether the federal Hazardous Materials Transportation Act, and regulations promulgated by the Department of Transportation thereunder, preempt certain parts of Colorado legislation regulating the sale and discharge of fireworks. Subject matter jurisdiction under 28 U.S.C.A. § 1331 (West Supp.1990) is uncontested. I held an evidentiary hearing on the motion and am now entering the findings of fact and conclusions of law required by rule 52 of the Federal Rules of Civil Procedure.

Plaintiff Colorado Pyrotechnic Association is a Colorado non-profit corporation. Its shareholders are entities licensed by the Colorado Secretary of State to sell fireworks at wholesale in Colorado. According to its president, there are seven entities so licensed. Five of the seven are members of the Association. The organization was formed for the purpose of dealing collectively with the Colorado Secretary of State on licensing and other matters pertaining to the sale and use of fireworks in the state.

Defendant, in her official capacity as Colorado Secretary of State, administers a licensing system which the Colorado legislature has established as part of a statutory scheme to regulate the explosion of fireworks within the state and the sale of fireworks at wholesale and retail. Having defined the term "fireworks," Colo.Rev. Stat. § 12–28–101 (1985 Repl.Vol.), the legislature has generally prohibited the sale, use, or explosion of such "fireworks" except as it has otherwise provided in this statutory scheme. *See* Colo.Rev.Stat. § 12–28–102 (1985 Repl.Vol.). Violators are guilty of a misdemeanor. Colo.Rev. Stat. § 12–28–109 (1985 Repl.Vol.). If the violator holds a license to sell at wholesale or retail, the license can be revoked. *Id.*

The legislature has enumerated certain exceptions to the general prohibition con-

cerning sale of fireworks. The exception at issue in this lawsuit reads as follows:

(1) This article shall not be construed to prohibit:

. . . .

(c) ... the sale of any kind of fireworks if the same are shipped directly out of state by the seller via common carrier, or by the seller's vehicle, *or by the purchaser's vehicle if the purchaser is an out-of-state fireworks wholesaler or retailer and if such vehicle is licensed in a state other than the state of Colorado,* in accordance with regulations of the United States interstate commerce commission covering the transportation of explosives and other dangerous articles by motor, rail, and water, and if the seller obtains and keeps a signed receipt from each person taking delivery, which receipt shows the quantities and types of fireworks delivered and the recipient's full legal name, address, wholesale or retail license number or retail license or tax identification number, and the vehicle's license number, including the state of issue of such vehicle license....

Colo.Rev.Stat. § 12–28–105 (1989 Supp.) (emphasis supplied).

The language specifying the means of shipment and requiring the seller of fireworks to obtain and maintain a detailed receipt was added by the legislature in 1989. According to defendant, it was intended to close a major loophole in the statute. Before it was added, wholesalers and retailers were selling fireworks to Colorado residents who falsely claimed that they were transporting the fireworks directly out of the state. As amended, the statute effectively prohibits sales to purchasers driving vehicles bearing Colorado license plates.

Plaintiff's assault on the statute is limited in scope. It does not contest the requirement that the seller of fireworks keep a receipt, nor does it quarrel with the specified information which the receipt must contain. It also does not seek any relief with respect to those parts of the statute allowing shipment "directly out of the state by the seller via common carrier, or by the

seller's vehicle." The focus of its attack is the requirement that, if the fireworks are to be transported out of the state in the purchaser's vehicle, the vehicle must be licensed in a state other than Colorado. Plaintiff's president, who is also the owner of Warehouse Fireworks, Inc. (one of plaintiff's shareholders), testified that her business made 8,000 sales for shipment out-of-state last year. Of these 8,000 sales, 5,000 were made to persons driving vehicles with Colorado license plates. She estimated that these sales accounted for 60 per cent of her business, measured by dollar volume.

The legal basis for plaintiff's attack on the Colorado statute is the claim that it is preempted by the federal Hazardous Materials Transportation Act, found at 49 U.S.C. A.App. §§ 1802–1812 (West 1976). That Act delegates to the Secretary of Transportation broad authority to define hazardous materials and to promulgate regulations for the safe transportation of such materials in commerce. 49 U.S.C.A.App. §§ 1802, 1803 (West 1976). Acting pursuant to that authority, the Department of Transportation has designated common fireworks as a type of hazardous material. 49 C.F.R. § 173.100(r) (1989). *Cf.* Colo.Rev.Stat. § 12–28–101(1)(a) (1985 Repl.Vol.) (similar definition of "fireworks" in Colorado statute). It has also promulgated extensive regulations concerning the contents of shipping papers (49 C.F.R. § 172.202 [1989]), marking (49 C.F.R. § 172.301 [1989]), labeling (49 C.F.R. § 172.411 [1989]), placarding (49 C.F.R. § 172.504 [1989]), and packaging (49 C.F.R. § 173.108 [1989]). Finally, in a provision which is crucial to plaintiff's case, the Department of Transportation has declared:

No person may accept for transportation or transport by motor vehicle any shipment of hazardous material that is not in accordance with this subchapter.

49 C.F.R. § 177.801 (1989).

Plaintiff contends that the language of this regulation preempts the Colorado statute's requirement that, if fireworks are to be shipped out of the state in the purchaser's vehicle, the vehicle must be licensed in

a state other than Colorado. It argues—and defendant does not dispute—that the fireworks in question are properly packaged, marked, labeled, and placarded, as required by the Department of Transportation's regulations. It reads section 177.801 of the regulations as mandating transportation by *any* "motor vehicle," once there is compliance with the Department of Transportation's regulations. Therefore, it reasons, Colorado's attempt to prohibit out-of-state shipments in a vehicle with a Colorado license is inconsistent with this federal regulation. It thus seeks a judgment declaring that Colorado's requirement is invalid and unenforceable under U.S. Const. art. VI, cl. 2 (supremacy clause).

## I

■ At the outset, defendant makes a half-hearted attempt to question plaintiff's standing. Acknowledging that *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977), permits an organization to sue on behalf of its members in certain circumstances, defendant attempts to distinguish *Hunt* and similar cases on the ground that the organizations found to have standing in those cases were *unincorporated associations*, while plaintiff here is a non-profit corporation. Defendant's argument is unpersuasive. The organization found to have standing in *Hunt* was not an unincorporated association, but a state agency established to promote and protect the state's apple industry. Moreover, I perceive no good reason to make the issue of standing turn on the question of whether the "members" have banded together in the form of a non-profit corporation rather than an unincorporated association. *See Chemical Specialties Mfrs. Ass'n, Inc. v. Lowery*, 452 F.2d 431, 433 (2d Cir.1971) (non-profit membership corporation had standing to sue on behalf of its members).

The Colorado Pyrotechnic Association has standing here because it meets the three criteria established in *Hunt*, 432 U.S. at 343, 97 S.Ct. at 2441. First, its five shareholders undoubtedly confront the injury in fact which would give each of them standing to sue in their own right. Indeed, plaintiff's counsel observed at the hearing that he was prepared to amend the Verified Complaint for Declaratory Judgment to name the shareholders as plaintiffs, if plaintiff's standing were an obstacle. Second, the interest which plaintiff seeks to protect—the shareholders' alleged right under federal regulations to sell fireworks to persons in vehicles bearing Colorado license plates—is germane to its purpose. Third, the claim asserted and the relief requested—entry of a declaratory judgment—does not require that the individual shareholders participate in the lawsuit.

## II

To obtain a preliminary injunction, plaintiff must show: (1) that it is reasonably likely to prevail on the merits, (2) that it will suffer irreparable injury if the preliminary injunction is not granted, (3) that the irreparable injury which it will sustain outweighs whatever injury the proposed injunction will cause to the opposing party, and (4) that the preliminary injunction will not be adverse to the public interest. *Otero Sav. & Loan Ass'n v. Federal Reserve Bank*, 665 F.2d 275, 278 (10th Cir.1981); *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980). For the reasons stated below, I do not believe that plaintiff is reasonably likely to prevail on the merits. This being a sufficient reason to deny the preliminary injunction, I will not discuss the other three requirements.

When it enacted the Hazardous Materials Transportation Act in 1974, Congress included an express provision concerning preemption:

> (a) Except as provided in subsection (b) of this section, any requirement, of a State or political subdivision thereof, which is *inconsistent* with any *requirement* set forth in this chapter, *or in a regulation issued under this chapter*, is preempted.

49 U.S.C.A.App. § 1811 (West 1976) (emphasis supplied). By this language, Congress has unmistakenly ordained a limited form of preemption. *Cf. Florida Lime &*

*Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142, 83 S.Ct. 1210, 1217, 10 L.Ed.2d 248 (1963) (federal act preempts state regulation if Congress has "unmistakenly so ordained"). It has deprived the states of power to regulate commerce in hazardous materials only where the state regulation is "inconsistent" with the requirements of the federal statutes or regulations. Some state regulation of commerce in hazardous materials is permitted, and the issue here is whether the Colorado statute and the federal regulation are inconsistent.

■ In my view, the Colorado statute, which effectively precludes the sale of fireworks to persons in cars bearing Colorado license plates, is consistent with the federal statutory and regulatory scheme. The concern of Congress in passing the Hazardous Materials Transportation Act was "to protect the Nation adequately against the risks to life or property which are inherent in the transportation of hazardous materials in commerce." 49 U.S.C.A.App. § 1801 (West 1976). The voluminous regulations concerning shipping, marking, labeling, placarding, and packaging are designed not to regulate the public's ultimate use of hazardous materials, but to ensure that the materials are safely transported in commerce. Still other regulations prescribe details concerning the manner in which hazardous materials may be transported. *See, e.g.,* 49 C.F.R. §§ 177.853–177.870 (1989). A review of the statutes and regulations as a whole demonstrates that Congress and the Department of Transportation intended only to regulate the transportation of hazardous materials in commerce, leaving to the states the task of regulating sales to the public and the public's ultimate use of such materials.

In passing Colo.Rev.Stat. §§ 12–28–101–110 (1985 Repl.Vol.), the Colorado legislature has chosen to regulate the sale and display of fireworks within the state. There is no doubt that such regulation is an appropriate exercise of its power to provide for the health, safety, and general welfare of its citizens. *Ace Fireworks Co. v. City of Tacoma,* 76 Wash.2d 207, 455 P.2d 935, 937 (1969). For two reasons, this power should also include the authority to regulate sales of fireworks within the state to persons residing in Colorado, even though such persons may claim that they will travel out-of-state to discharge the fireworks. First, Colorado's interest in preventing injury to its citizens by these potentially-dangerous materials remains essentially the same, regardless of the fortuitous circumstance that they may be discharged elsewhere. Second, the legislature has found that many residents are discharging fireworks within the state while falsely claiming that they are transporting the fireworks out-of-state. This finding is consistent with the testimony of plaintiff's president that, out of 8,000 sales for shipment out-of-state last year, 5,000 were sales to persons driving cars licensed in Colorado. It stretches credulity to believe that very many of these persons really leave the state to discharge their fireworks.

Contrary to plaintiff's contention, Colorado has not really attempted to regulate the transportation of fireworks in commerce. It has prescribed no packaging, labeling, marking, or other preparation requirements, and it has not attempted to specify how fireworks should be transported. Indeed, the statute permitting the in-state sale of fireworks if they are shipped directly out of the state provides that the fireworks must be shipped in accordance with applicable federal regulations. Colo.Rev. Stat. § 12–28–105 (1989 Supp.) (quoted, in full, *supra* at 794). The provision at issue here—permitting shipment in the purchaser's vehicle only if the vehicle is not licensed in Colorado—is an attempt to prohibit sales to Colorado residents, not an attempt to provide for the safe transportation of the fireworks in commerce. True, it may have the incidental effect of limiting the type of vehicle in which the fireworks can be transported, but it does not infringe on the federal interest in providing for the safe transportation of the fireworks. I thus conclude that the provision is an appropriate exercise of the legislature's power to regulate in-state sales to Colorado residents and that it is consistent with the limited purpose of the federal regula-

tions—to provide for the safe transportation of such materials in commerce.

Plaintiff's expansive reading of the pertinent federal regulation, section 177.801 (quoted, in full, *supra* at 794), is inconsistent both with the purpose of the federal regulatory scheme and with the limited form of preemption which Congress enacted in section 1811. According to plaintiff, section 177.801 reflects a determination that a person *must* be permitted to transport a hazardous material by *any* motor vehicle, provided that the packaging, labeling, and other federal regulatory requirements are met. Under this interpretation of the federal regulation, a state could not regulate the sale or use of hazardous material if such regulation had the incidental effect of limiting the transportation of the material. As it is written, however, section 177.801 does not itself embody an affirmative requirement that transportation by motor vehicle be permitted once the other regulatory requirements are met; it simply prohibits such transportation *unless* these other requirements are met. Consistent with the purpose of the federal statutes and regulations, it does not preclude state regulation of sale or use, even though such regulation may have the incidental effect of limiting the means by which hazardous materials are transported.

For the reasons stated herein, I am not persuaded that any part of Colo.Rev.Stat. § 12–28–105 (1989 Supp.) is preempted by federal statutes or regulations. Plaintiff has not demonstrated that it is reasonably likely to prevail on the merits, and the motion for a preliminary injunction must be denied. It is so ORDERED.