## STAJOS v CITY OF LANSING

Docket No. 178767. Submitted October 15, 1996, at Lansing. Decided January 24, 1997, at 9:05 A.M.

William J. Stajos, doing business as American Eagle Fireworks, Inc., brought an action in the Ingham Circuit Court against the City of Lansing, seeking a declaration that he was not prohibited from selling certain kinds of fireworks, the sale of which neither was specifically prohibited nor was specifically allowed by MCL 750.243a; MSA 28.440(1), and an injunction to prevent the seizure of those kinds of fireworks by the Lansing police. The Ingham County Prosecuting Attorney was allowed to intervene as a defendant because the plaintiff was seeking judicial construction of a penal statute that could affect pending criminal prosecutions. After an evidentiary hearing at which two expert witnesses testified, the court, William E. Collette, J., dissolved a preliminary restraining order that had been issued, held that the statute was clear and unambiguous on its face in its prohibition of all fireworks, except those specifically allowed, and rejected the plaintiff's argument that the state's regulation of the possession, sale, and use of fireworks had been preempted by federal regulations. The plaintiff appealed.

The Court of Appeals held:

1. Subsection 2(d) of § 243a of the Michigan Penal Code, MCL 750.243a(2)(d); MSA 28.440(1)(2)(d), clearly and unequivocally prohibits the unlicensed sale, possession, or use of all "[f]ireworks containing an explosive or inflammable compound" except those devices specifically exempted from the general prohibition by subsection 3 of § 243a. Although that general prohibition renders the list of prohibited chemicals and compounds in subsection 2(d) and the list of types of prohibited devices in subsection 2(c) unnecessary, there is no indication that the Legislature intended that those lists limit the nature of the general prohibition. Indeed, the wording of the statute suggests that the Legislature intended the exclusion to be read broadly and the exceptions to the exclusion to be read narrowly, with the list in subsection 2(c) being a list of well-known fireworks that were included in the prohibition and the language of subsection 2(d) stating the general prohibition in expansive and overlapping language.

2. Michigan's regulation of the possession, sale, or use of fireworks is not preempted by federal regulations relating to packaging and classification of fireworks for interstate shipment. Indeed, federal law clearly contemplates the possibility of state prohibitions or regulations concerning the use of fireworks.

3. Because the Legislature clearly prohibited the unlicensed possession, sale, or use of all fireworks except as specifically exempted from that prohibition, it is unnecessary to determine exactly what the Legislature intended to be included in the various lists by its use of the phrases "other similar devices," "other fireworks of like construction," and "other modern explosives." Accordingly, the plaintiff's challenge of those phrases on the ground of vagueness is moot.

Affirmed.

1. EXPLOSIONS AND EXPLOSIVES — FIREWORKS — PROHIBITED DEVICES.

The Michigan statute regulating the possession, sale, and use of fireworks prohibits the possession, sale, and use of all fireworks in Michigan except for those fireworks specifically exempted from the general prohibition and for such possession, sale, or use as specifically allowed by statute (MCL 750.243a; MSA 28.440[1]).

2. EXPLOSIONS AND EXPLOSIVES — FIREWORKS — FEDERAL PREEMPTION.

The regulation of the possession, sale, and use of fireworks by Michigan is not preempted by federal regulations relating to the packaging and classification of fireworks for the purpose of interstate shipment (MCL 750.243a; MSA 28.440[1]; 18 USC 836).

*Hugh M. Davis, Jr.,* for the plaintiff.

*Donald E. Martin,* Prosecuting Attorney, and *Guy L. Sweet,* Assistant Prosecuting Attorney, for Ingham County Prosecuting Attorney.

Before: CORRIGAN, P.J. and TAYLOR and D. A. JOHNSTON*, JJ.

TAYLOR, J. Plaintiff appeals as of right from an order denying him the relief he sought in this declaratory judgment action. We affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On June 17, 1993, police officers entered one of plaintiff's Lansing business locations and seized certain fireworks pursuant to a search warrant. Six days later, plaintiff filed a complaint seeking injunctive relief and a declaratory judgment. He alleged that he was entitled to an injunction to prevent the threat of further seizures, given the impending July 4th fireworks season. The complaint further asserted that the case arose from the fact that there are a number of well-defined categories of common fireworks recognized by the United States Department of Transportation (USDOT) that are neither specifically restricted nor specifically allowed by MCL 750.243a; MSA 28.440(1). It was plaintiff's position that a proper reading of this statute allowed the unrestricted sale of the following kinds of fireworks: helicopter type rockets, mines and shells, ground spinners, wheels, illuminating torches, and new and novel items not specifically classified, but approved by the USDOT as class C common fireworks. Plaintiff alternatively argued that MCL 750.243a; MSA 28.440(1) was preempted by federal regulations or, as a criminal statute, was void for vagueness as it related to the five specifically enumerated categories of federal class C common fireworks.

The trial court ordered the City of Lansing to show cause why a preliminary injunction should not issue. At the show cause hearing, plaintiff explained that at the heart of the lawsuit was the desire to obtain a ruling regarding the legality of selling those fireworks that are not specifically forbidden or specifically allowed by MCL 750.243a; MSA 28.440(1). At the conclusion of the show cause hearing, the court indicated that the statute needed to be amended to clarify what fireworks may be lawfully sold and issued a tempo-

rary restraining order allowing plaintiff to sell all fireworks not specifically prohibited for use without a permit pursuant to subsection 2 of the statute. Thereafter, the court permitted the Ingham County Prosecuting Attorney to intervene as a party defendant because plaintiff was asking the court to construe a penal statute and because any ruling could affect pending criminal district court cases against plaintiff for selling illegal fireworks. The court subsequently held an evidentiary hearing at which two experts testified for the plaintiff, explaining various kinds of fireworks and how they work. Dr. Roger Schneider, a chemistry professor and combustible materials consultant, testified that the statute was extremely ambiguous and stated that whoever wrote the statute did not understand the fireworks business. He testified that the entire statute is "fraught with ambiguity and nonsense." The court thereafter dissolved the temporary restraining order, stating as follows: "The statute, as written, is clear and unambiguous on its face and has been for the past sixty (60) years." The court also rejected plaintiff's preemption argument. The court later denied plaintiff's motion for reconsideration.

I

We review de novo a trial court's rulings with respect to questions of law in a declaratory judgment action. *Lansing Ass'n of School Administrators v Lansing School Dist Bd of Ed*, 216 Mich App 79, 84; 549 NW2d 15 (1996). Where the language of a statute is clear and unambiguous, the intent of the Legislature must be effected according to its plain meaning. *Victorson v Dep't of Treasury*, 439 Mich 131, 137-138;

482 NW2d 685 (1992). Where, as here, the language is not plain, but is subject to varying interpretations, we look to the purpose of the act to ascertain legislative intent. *Longstreth v Gensel*, 423 Mich 675, 680; 377 NW2d 804 (1985).

The relevant portion of MCL 750.243a; MSA 28.440 (1) provides as follows:

> (2) Except as provided in subsection (3) and sections 243b, 243c and 243d, a person, firm, partnership, or corporation shall not offer for sale, expose for sale, sell at retail, keep with intent to sell at retail, possess, give, furnish, transport, use,[1] explode, or cause to explode any of the following:
>
> (a) A blank cartridge, blank cartridge pistol, toy cannon, toy cane, or toy gun in which explosives are used. [cf. subsection 3(b), *infra.*]
>
> (b) An unmanned balloon which requires fire underneath to propel it and is not moored to the ground while aloft.
>
> (c) Firecrackers, torpedoes, skyrockets, roman candles, daygo bombs,[2] bottle rockets, whistling chasers, rockets on sticks, or other fireworks of like construction.[3]
>
> (d) Fireworks containing an explosive or inflammable compound or a tablet or other device commonly used and sold as fireworks containing nitrates, fulminates, chlorates, oxalates, sulphides of lead, barium, antimony, arsenic, mercury, nitroglycerine, phosphorus, or a compound containing these or other modern explosives.
>
> (3) A permit is not required for the following:
>
> (a) Flat paper caps containing not more than .25 of a grain of explosive content per cap, in packages labeled to indicate the maximum explosive content per cap.

---

[1] Thus, the Legislature had made it a criminal misdemeanor for individuals to light a firecracker in Michigan without a permit.

[2] Dr. Schneider testified that "daygo bombs" are now known as aerial bombs.

[3] Violation of these provisions is a misdemeanor offense. MCL 750.243e; MSA 28.440(5).

(b) Toy pistols, toy cannons, toy canes, toy trick noise makers, and toy guns of a type approved by the director of the department of state police in which paper caps as described in subdivision (a) are used and which are so constructed that the hand cannot come in contact with the cap when in place for the explosion and which are not designed to break apart or be separated so as to form a missile by the explosion. [cf. subsection 2(a), *supra*.]

(c) Sparklers containing not more than .0125 pounds of burning portion per sparkler.

(d) Flitter sparklers in paper tubes not exceeding ⅛ inch in diameter, cone fountains, and cylinder fountains.

(e) Toy snakes not containing mercury, if packed in cardboard boxes with not more than 12 pieces per box for retail sale and if the manufacturer's name and the quantity contained in each box are printed on the box; and toy smoke devices.

(f) [An exception not directly relevant to this appeal.]

(g) [An exception not directly relevant to this appeal.]

There is no dispute that the statute makes it a misdemeanor to sell[4] or use without a permit (1) firecrackers, (2) torpedoes, (3) skyrockets, (4) roman candles, (5) daygo bombs, (6) bottle rockets, (7) whistling chasers, (8) rockets on sticks, (9) other fireworks of like construction, (10) fireworks containing an explosive or inflammable compound, or (11) a tablet or other device commonly used and sold as fireworks containing nitrates, fulminates, chlorates, oxalates, sulfides of lead, barium, antimony, arsenic, mercury, nitroglycerine, phosphorus, or a compound containing these or other modern explosives.

There is also no dispute that a person may sell or use without a permit (1) certain flat paper caps, (2)

---

[4] It is not a misdemeanor to sell such items for direct shipment out of state pursuant to federal regulations. Subsection 3(g).

certain toy pistols, toy cannons, toy canes, toy trick noisemakers, toy guns that use paper caps, (3) certain sparklers, (4) certain flitter sparklers, (5) cone fountains, (6) cylinder fountains, (7) certain toy snakes, and (8) toy smoke devices.

Plaintiff argues that a proper interpretation of the statute would allow him lawfully to possess and sell without a permit certain fireworks that are not among the categories expressly allowed under subsection 3 or expressly forbidden by name under subsection 2, i.e., helicopter-type rockets, mines and shells, ground spinners, wheels, illuminating torches, and new and novel items not specifically classified, but approved by the USDOT as class C common fireworks. We disagree.

Plaintiff argues that MCL 750.243a; MSA 28.440(1) must be strictly construed in his favor because it is a penal statute. While plaintiff is correct in characterizing the statute as penal, this does not warrant strict construction. This statute is a part of the Michigan Penal Code, MCL 750.1 *et seq.*; MSA 28.191 *et seq.* MCL 750.2; MSA 28.192 modifies the rules of statutory construction for statutes found in the Michigan Penal Code, stating in relevant part that "[t]he rule that a penal statute is to be strictly construed shall not apply to this act or any of the provisions thereof." Therefore, the rule of lenity that requires ambiguities in penal statutes to be resolved in favor of leniency does not apply to the interpretation of this statute. *People v Poole*, 218 Mich App 702, 713, n 2; 555 NW2d 485 (1996).

Dr. Schneider testified that subsection 2(d) is ambiguous because it is subject to two interpretations. The first interpretation would ban all fireworks

that contain any combination of the anions (nitrates, fulminates, chlorates, oxalates, or sulfides of lead) with any of the other materials (barium, antimony, arsenic, mercury, nitroglycerine, or phosphorous). Dr. Schneider indicated that such a statutory scheme would preclude the use of barium nitrate, which is used in all sparklers, and antimony sulfide, which is used in a variety of other fireworks. A second interpretation would ban *all* compounds involving *any* of the five anions. This would preclude the use of barium nitrate, antimony sulfide, and potassium nitrate. Dr. Schneider testified that potassium nitrate is used to manufacture the black powder found in most fireworks and is used in all fuses. Therefore, the second interpretation of subsection 2(d) would prohibit any firework that had a fuse. On cross-examination, Dr. Schneider testified that the phrase at the beginning of subsection 2(d), "[f]ireworks containing an explosive or inflammable compound," would necessarily encompass *all* fireworks and would be sufficient to ban every kind of firework. Dr. Schneider noted that this language renders the remaining portion of the statute (which lists various anions and metals) unnecessary. In a posthearing affidavit filed in support of plaintiff's motion for reconsideration, Dr. Schneider stated that the statute appears to restrict some fireworks and allow those not prohibited and that, if the statute has any meaning at all, it can only be read to restrict those fireworks containing compounds incorporating both an anion and cation from the listed compounds.

The Ingham County Prosecuting Attorney argues that plaintiff's proposed reading of the statute that a person may sell, possess, and use all fireworks except

the items mentioned in subsection 2(c) is erroneous because it renders subsection 3(a)-(f) nugatory. The prosecuting attorney nevertheless concedes that this case presents the unfortunate situation in which a part of the fireworks statute will become surplusage regardless of which party's interpretation this Court ultimately adopts, i.e., the prosecuting attorney admits that its suggested interpretation that the phrase "[f]ireworks containing an explosive or inflammable compound" forbids all fireworks and thereby renders the remainder of subsection 2(d) and all of subsection 2(c) surplusage. The prosecuting attorney nevertheless contends that his interpretation does far less violence to the statute than the interpretation offered by plaintiff.

A fair review of the fireworks statute reveals a general prohibition coupled with certain limited exceptions. The permitted fireworks do not end with words such as "or other fireworks of like construction" as does the list of fireworks that may not be sold or used without a permit. Further, subsection 2(d) broadly forbids nonidentified fireworks containing an explosive or inflammable compound containing any of eleven different chemicals and metals or other modern explosives. Thus, the wording of the statute suggests that the Legislature intended the exclusions to be broadly read and the exemptions to be narrowly read. Also, just because the items prohibited in subsection 2(c) such as firecrackers would also be prohibited by subsection 2(d) because they contain an explosive or inflammable compound, does not necessarily make subsection 2(c) nugatory. Rather, we consider the language used to have been the Legislature's way of providing a list of specific well-known fire-

works it wanted prohibited and then adding subsection 2(d) to catch any other fireworks not excepted in subsection 3 using very expansive and overlapping language. Our interpretation of the statute merely requires one to imply in the phrase "and any other" at the end of subsection 2(c) and before subsection 2(d). Doing this produces a result that is consistent with the overall language of the statute and effects the object of the statute. MCL 750.2; MSA 28.192. Cf. *Dean v Dep't of Corrections*, 453 Mich 448, 460-462; 556 NW2d 458 (1996) (to effectuate the legislative intent, the phrase "a mandatory term of imprisonment" must be read to mean any minimum term of imprisonment imposed by a judge under the statute). Indeed, in the last two paragraphs of Dr. Schneider's posthearing affidavit, he concludes that the only reasonably scientific way to read the prohibited and excepted sections of the statute is to consider the exceptions under subsection 3 as exceptions to the prohibitions under subsection 2. While we are mindful that some other assertions of Dr. Schneider made before this peroration appear contradictory, we nevertheless agree with his conclusion.

We note that the history of this statute set forth in the legislative analysis of 1978 PA 258 supports our interpretation. The Legislature had amended the fireworks statute in 1968 to provide that fireworks listed in subsections 2(c) and 2(d) were illegal "except as otherwise provided by law." Because a federal court ruling had cited this language to broaden the types of fireworks allowed, the Legislature amended the statute in 1978 PA 258. That this was intended to restore the narrower definition of which fireworks were

allowed can be seen from the House Legislative Analysis, HB 4987, June 14, 1978:

> For many years, it was widely assumed that Michigan law prohibited the sale to the general public and use of all firecrackers other than caps, sparklers, and toy snakes. In fact, the state penal code states that all fireworks with more than one-quarter of a grain of gunpowder are prohibited "except as otherwise provided by law," but the state's hazardous substances act refers to federal fireworks regulations as the applicable state standard—federal regulations which permitted some exploding fireworks with up to two grains of gunpowder. In 1976, a federal judge ruled that because of the reference to federal regulation in the hazardous substance act, the sale and use of fireworks with up to two grains of gunpowder are not subject to criminal prosecution in Michigan.

This analysis went on to describe what the bill would accomplish:

> The bill would delete the phrase ["]except as otherwise provided by law" which was interpreted by a federal judge to mean that federal regulations more permissive than the state penal code provisions about fireworks would govern prosecution involving sale and use of fireworks in Michigan, thus returning the state to the standard in effect prior to the ruling. It would also add to the list of prohibited fireworks those which contain fulminates.

The arguments for and against the bill that became 1978 PA 258, as presented in this analysis, also indicated an awareness that the amendments would ban the general sale and use of all fireworks not elsewhere excepted:

> Michigan law is intended to prohibit the general sale and use of all fireworks with over one-quarter grain of gunpowder. . . . In combination with House Bill 6316, the bill would

return the state to the restrictive standard which existed
before a court decision exposed an inadvertent loophole in
the state law.

* * *

Representatives of the pyrotechnical amusement industry
have contended that a return to a ban on all Class C fire-
works except sparklers, snakes and caps is unwarranted
because many of the fireworks in this broad category are
harmless.

Thus, the history precipitating the 1978 amend-
ment, which animated the Legislature, leads us to
construe subsection 2 as forbidding all fireworks not
permitted by an exception.

Because helicopter-type rockets, mines and shells,
ground spinners, wheels, illuminating torches, and
new and novel items not specifically classified, but
approved by the USDOT as class C common fireworks,
are not permitted by subsection 3 and they contain
"an explosive or inflammable compound," they may
not be lawfully sold or used without a permit.

We also note with approval the following comment
from the prosecuting attorney's brief on appeal: "A
reasonable person could rightfully question the wis-
dom of a statute which bans all but the most innocu-
ous fireworks. Any discussion regarding a statute's
prudence, however[,] is best left to the legislature
rather than the courts."[5]

II

Plaintiff also argues that MCL 750.243a; MSA
28.440(1) is preempted by various federal regulations.

---

[5] For purposes of clarity, the Legislature may wish to consider rewrit-
ing the statute.

The trial court rejected this claim, finding no conflict between the federal regulations and the statute and no reason to suppose that Congress intended to preempt the states from regulating fireworks sales.

In considering plaintiff's preemption claim, we are cognizant that Congress explicitly may define the extent to which its enactments preempt state law. *Schneidewind v ANR Pipeline Co,* 485 US 293, 302; 108 S Ct 1145; 99 L Ed 2d 316 (1988). In the absence of an express Congressional command, state law is preempted if that law actually conflicts with federal law or if federal law so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the states to supplement it. *Cipollone v Liggett Group, Inc,* 505 US 504, 516; 112 S Ct 2608; 120 L Ed 2d 407 (1992). Properly promulgated federal regulations may also preempt state statutes. *In re Freedland Estate,* 38 Mich App 592, 596; 197 NW2d 143 (1972).

The trial court properly rejected plaintiff's preemption claim. There is no preemption because the federal regulations cited by plaintiff address only the packaging and classification of fireworks for interstate shipment and do not address the sale or use of fireworks within a state. Cf. *Colorado Pyrotechnic Ass'n v Meyer,* 740 F Supp 792 (D Colo, 1990). Further, 18 USC 836 imposes criminal penalties on a person who knowingly transports fireworks "in a manner or for a use prohibited by the laws of such State specifically prohibiting or regulating the use of fireworks." This provision also indicates that the definitions of fireworks contained in the laws of the respective states shall be applied. It is thus apparent that the federal regulations contemplate that states are not

preempted from regulating the intrastate sale and use of fireworks.

### III

Plaintiff also complains that the fireworks statute is unconstitutionally void for vagueness. As recently stated in *People v Lino*, 447 Mich 567, 575-576; 527 NW2d 434 (1994):

> In order to pass constitutional muster, a penal statute must define the criminal offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Vagueness challenges that do not implicate First Amendment freedoms are examined in light of the facts of each particular case. When making a vagueness determination, a court must also take into consideration any judicial constructions of the statute.
>
> Thus, there are at least three ways a penal statute may be found unconstitutionally vague: (1) failure to provide fair notice of what conduct is prohibited, (2) encouragement of arbitrary and discriminatory enforcement, or (3) being overbroad and impinging on First Amendment freedoms. [Citations omitted.]

Plaintiff challenges as being void for vagueness subsections 1(b) and (c), which define "Class B fireworks" and "Class C fireworks" respectively by listing various fireworks types and ending their classification with the phrase "and other similar devices," subsection 2(c), which lists a set of controlled fireworks by type and ends with the phrase "or other fireworks of like construction," and subsection 2(d), which lists a set of controlled fireworks by type and ends with the phrase "or other modern explosives."

When evaluating the vagueness of a statute, this Court will "look to the entire text of the statute to

determine whether the requisite certainty exists." *People v Hayes*, 421 Mich 271, 284; 364 NW2d 635 (1984). As explained earlier in this opinion, the Legislature had made the sale, possession, or use, without a permit, of all fireworks not expressly permitted by section 3[6] a misdemeanor. Therefore, it is not necessary to determine exactly what "other similar devices," "other fireworks of like construction," or "other modern explosives" mean to know what fireworks are prohibited for sale without a permit. Indeed, the "other fireworks of like construction" and "other modern explosives" phrases effect only a partial ban on those fireworks not excepted elsewhere in the statute. These phrases are swallowed up by subsection 2(d), which refers to "fireworks containing an explosive or inflammable compound" and ban the use, sale, or possession of all fireworks not permitted elsewhere in the statute. Therefore, any question concerning the alleged vagueness of the language of subsections 2(c) and (d) is moot because the legality of fireworks sales, possession, or use is determined by the "[f]ireworks containing an explosive or inflammable compound" phrase in subsection 2(d), regardless of an activity's disposition under the remainder of subsections 2(c) and (d). We further note that the use of the phrase "other similar devices" in subsections 1(b) and (c) is only utilized in determining the proper storage of fireworks. MCL 750.243d(b); MSA 28.440(4)(b).

In sum, the permitted fireworks are readily discernible from a cursory reading of subsection 3. Thus, we

---

[6] Sections 243b, 243c, and 243d, MCL 750.243b, 750.243c, 750.243d; MSA 28.440(2), 28.440(3), 28.440(4), are other exceptions that are not expressly relevant to this appeal.

find that MCL 750.243a; MSA 28.440(1) provides fair notice of prohibited conduct and does not provide for arbitrary and discriminatory enforcement. As stated by the prosecuting attorney in his brief on appeal, "Although the fireworks statute is not a model of clarity, it passes constitutional muster."

Affirmed.