Mark PICKELMAN and Raymond
Snarski, Plaintiffs–Appellants,

v.

MICHIGAN STATE POLICE and Colonel Michael D. Robinson, in his official capacity, Defendants–Appellees.

No. 00–1894.

United States Court of Appeals,
Sixth Circuit.

March 22, 2002.

Before SILER and COLE, Circuit Judges; STAFFORD,* District Judge.

## OPINION

COLE, Circuit Judge.

Plaintiffs–Appellants Mark Pickelman and Raymond Snarski appeal the dismissal of this declaratory judgment action, assigning as error the district court's decision to decline to grant declaratory relief on the basis that Michigan's fireworks statute, Mich. Comp. Laws § 750.243 ("Fireworks Statute"), is unconstitutional. Plaintiffs are fireworks vendors whose fireworks were confiscated by defendants pursuant to Michigan's Fireworks Statute. They contest this confiscation by claiming that the Fireworks Statute is (1) preempted by federal Department of Transportation regulations ("D.O.T. regulations"); and (2) unconstitutionally vague. For the reasons discussed below, we AFFIRM the decision of the district court.

* The Honorable William Stafford, United States District Judge for the Northern District of Florida, sitting by designation.

## Background

### A.

Plaintiffs Mark Pickelman and Raymond Snarski (collectively, "plaintiffs") are seasonal fireworks merchants in Michigan. On or around July 1, 1998, Michigan State police officers seized numerous fireworks from Pickelman's fireworks stand, pursuant to Mich. Comp. Laws. §§ 750.243a-b, which prohibit the sale of certain "Class B" fireworks without a valid permit. The confiscated fireworks, according to a letter sent to Pickelman from the district attorney, would not be returned to Pickelman and would likely be destroyed.

Similarly, on or around June 24, 1998, Snarski was stopped by Michigan State police officers in Monroe County, Michigan while en route from Ohio, where he had purchased fireworks from a wholesaler, to Macomb County, MI, where he resides. Upon inspection of Snarski's cargo, the officers discovered and subsequently seized Class B fireworks as proscribed by Mich. Comp. Laws § 750.243a. The police officers charged Snarski with illegal possession of fireworks and later told him that the seized fireworks had been destroyed.

### B.

Plaintiffs originally joined a complaint filed by two fireworks retailers, Efim and Elissa Burda ("the Burda Plaintiffs"), who claimed that Michigan's Fireworks Statute is preempted by federal regulations and is unconstitutionally vague. *See Burda Bros., Inc. v. Walsh,* 61 F.Supp.2d 648 (E.D.Mich.1999), aff'd.2001 WL 1254808 (6th Cir. Oct. 12, 2001). However, because the Burda Plaintiffs had previously raised a preemption claim in the Michigan Court of Appeals, the court determined that they were barred from raising this claim again in federal court under the *Rooker/Feldman* doctrine. *Id.* at 659 ("The Michigan Court of Appeals clearly disposed of that issue, The Burda Brothers had a full and fair opportunity to litigate the issue in front of the state court, and this court may not review the decision of the Michigan Court of Appeals."). The Burda court did consider the Burda plaintiff's vagueness claim on the merits. In order to accord the Pickelman plaintiffs the opportunity to litigate all of their claims, including their preemption claim, the court dismissed the plaintiffs' complaint without prejudice, and allowed them to pursue their claims in litigation separate from the Burda Brothers.

Plaintiffs subsequently filed a separate complaint, which again sought declaratory relief. In that complaint, plaintiffs claimed that: (1) the Fireworks Statute is preempted by federal regulations regarding the classification and transportation of fireworks; (2) the Fireworks Statute is unconstitutionally vague as to the exact types of fireworks that are prohibited; (3) the Fireworks Statute's provision exempting from prosecution "the sale of fireworks, provided they are to be shipped directly out of state pursuant to the regulations of the United States Department of Transportation . . ." should not be limited to such transport conducted by common carrier; and (4) the defendants' confiscation and subsequent destruction of their fireworks was unlawful. The district court declined to exercise jurisdiction over plaintiffs' claims, concluding that declaratory judgment was unnecessary, as the Michigan courts have previously upheld portions of the statute against preemption and vagueness claims and those remaining issues would be best dealt with by the Michigan courts.

On appeal, plaintiffs challenge only the district court's determination of the preemption and vagueness claims. Plaintiffs also allege that: (1) the Fireworks Statute

creates a burden on interstate commerce; and (2) the seizure of their fireworks violates the Fourth, Fifth, and Fourteenth Amendments of the Constitution.

## Standard of Review

■■■ A district court's decision to exercise jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) ("the DJA"), is reviewed for abuse of discretion. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 289–90, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) ("[D]istrict courts' decisions about the propriety of hearing declaratory judgment actions, which are necessarily bound up with their decisions about the propriety of granting declaratory relief, should be reviewed for abuse of discretion."); *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 967 (6th Cir.2000). A district court is considered to have abused its discretion under the DJA where it relies upon a clearly erroneous finding of fact, improperly applies the law, or employs an erroneous legal standard. *See Southward v. South Central Ready Mix Supply Corp.*, 7 F.3d 487, 492 (6th Cir.1993).

## Discussion

Michigan's Fireworks Statute regulates the use, sale, possession and storage of fireworks in Michigan. *See* Mich. Comp. Laws §§ 750.243(a)-(d). The Fireworks Statute delineates two categories of fireworks: Class B fireworks, which consist of the more potent variety of fireworks that are prohibited without permit, and Class C fireworks, for which a permit is generally not required. *See* Mich. Comp. Laws §§ 750.243a(1)(b)-(c). The Fireworks Statute makes it unlawful for individuals and businesses to "offer for sale, expose for sale, sell at retail, keep with intent to sell at retail, possess, give, furnish, transport, use, explode or cause to explode ..." various types of fireworks, including "fire-

works containing an explosive or inflammable compound or a tablet or other device commonly used and sold as fireworks containing nitrates, fulminates, chlorates, oxalates, sulphides of lead, barium, antimony, arsenic, mercury, nitroglycerine, phosphorous, or a compound containing these or other modern explosives." Mich. Comp. Laws § 750.243a(2)(d). There are a limited number of exceptions to this prohibition. In particular, an individual can lawfully sell fireworks if he either obtains the necessary permit under Mich. Comp. Laws § 750.243b or if the fireworks "are to be shipped directly out of state pursuant to the regulations of the United States department of transportation covering the transportation of explosives and other dangerous articles by motor, rail, and water." Mich. Comp. Laws § 750.243a(3)(g). The Fireworks Statute also lists a number of harmless fireworks that can be sold or used without a permit. *See* Mich. Comp. Laws § 750.243a(3)(a)-(e).

■■■ In determining whether plaintiffs are entitled to declaratory relief on the basis that the statute is unconstitutional, a district court must consider: (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or to provide an arena for a race for res judicata; (4) whether the use of a declaratory action would increase the friction between state and federal courts by encroaching upon state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. *See Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir.2000). We now evaluate the preemption and vagueness challenges against this standard.

### A. Preemption Claim

■ A federal law or regulation preempts a state law under three different circumstances. *See English v. Gen. Elec. Co.*, 496 U.S. 72, 78–79, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990). First, Congress can define explicitly the extent to which a specific federal law preempts state law. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95–98, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Second, "in the absence of explicit statutory language, state law is pre-empted where it regulates conduct in a field Congress intended the Federal Government to occupy exclusively." *English*, 496 U.S. at 79, 110 S.Ct. 2270. Third, a state law is preempted "where it is impossible for a private party to comply with both state and federal requirements." *Id.*

Plaintiffs assert that the Fireworks Statute is preempted by D.O.T. regulations regarding the transport of hazardous materials. In particular, plaintiffs point to 49 U.S.C. § 5101, Transportation of Hazardous Materials, which delineates certain standards for transporting hazardous materials, including fireworks, in interstate commerce. *See* 49 U.S.C. § 5102(1)(A)-(B) ("In this chapter 'commerce' means trade or transportation in the jurisdiction of the United States between a place in a State and a place outside of the State; or that affects trade or transportation between a place in a State and a place outside of the State."). Those D.O.T. regulations include a classification scheme for hazardous materials. *See, e.g.*, 49 U.S.C. § 5108. The regulations also explicitly call for the preemption of analogous state statutes that vary substantively from the federal scheme. *See* 49 U.S.C. § 5125(b)(1) ("a law, regulation, order, or other requirement of a State ... that is not substantively the same as a provision of this chapter or a regulation prescribed under this chapter is preempted."). Plaintiffs argue that

because the Fireworks Statute possesses a classification scheme that varies from the federal classification scheme, the state statute is preempted.

■ The district court was not persuaded by plaintiff's argument. The court aptly noted that while the D.O.T. regulations call for the preemption of dissimilar state statutes, those regulations are limited to the transport of fireworks in interstate commerce. The Fireworks Statute contemplates the existence of these regulations and is applicable only to the use, sale, transport, and storage of fireworks in intrastate commerce. *See* Mich. Comp. Laws § 750.243a(3)(g) (exempting the sale of fireworks, "provided that they are to be shipped directly out of state pursuant to regulations of the United States department of transportation covering the transportation of explosives ..."). *See also Stajos v. City of Lansing*, 221 Mich.App. 223, 561 N.W.2d 116, 122 (Mich.Ct.App. 1997) ("[i]t is ... apparent that the federal regulations contemplate that states are not preempted from regulating the intrastate sale and use of fireworks."). Because the D.O.T. regulations and the Fireworks Statute regulate different arenas of commerce, they are not in conflict. For that reason, the district court did not abuse its discretion in declining to exercise jurisdiction over this claim.

### B. Vagueness

■ A statute is unconstitutionally vague in violation of the Due Process Clause "if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case." *Giaccio v. State of Pa.*, 382 U.S. 399, 402, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966). *See also United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l.*

*Transit Auth.*, 163 F.3d 341, 358–59 (6th Cir.1998) ("Due process requires that we hold a state enactment void for vagueness if its prohibitive terms are not clearly defined such that a person of ordinary intelligence can readily identify the applicable standard for inclusion and exclusion.").

▮ Plaintiffs argue that the Fireworks Statute is vague because it does not explicitly include every sort of firework or explosive material that is actually prohibited under the statute. *See, e.g.*, Mich. Comp. Laws § 750.243a(2)(d) (prohibiting fireworks containing various enumerated chemicals "or a compound containing these or other modern explosives."). However, the absence of a comprehensive list of all possible proscribed fireworks does not a vague statute make. The inclusion of broad language such as "fireworks of like construction" and "a compound containing these or other modern explosives" merely indicates that the Michigan legislature intended the class of prohibited fireworks to be broad. The intended broad sweep of the statute is bolstered by the legislature's inclusion of limited exceptions for virtually harmless fireworks. *See Detroit Edison Co. v. Sec. & Exch. Com'n*, 119 F.2d 730, 739 (6th Cir.1941) ("[E]xceptions in statutes must be strictly construed and limited to objects fairly within their terms, since they are intended to restrain or except that which would otherwise be within the scope of the general language.").

A number of courts, including the Sixth Circuit, have upheld the Fireworks Statute against claims of vagueness on the grounds that it is broad rather than vague. *See Stajos*, 561 N.W.2d at 120 (holding that "[a] fair review of the fireworks statute reveals a general prohibition coupled with certain limited exceptions," which is not vague); *see also Burda Bros. v. Walsh*, 22 Fed.Appx. 423, 2001 WL 1254808, at *9 (6th Cir. Oct.12, 2001) (per curiam) ("[w]e agree with the district court that the Michigan fireworks statute, as interpreted by the Michigan courts, is not void on the grounds of vagueness."). Given the language of the Fireworks Statute and other courts' treatment of it, the district court acted within its discretion in declining to exercise jurisdiction over the plaintiffs' vagueness claim.

## C. Burden on Interstate Commerce and Unconstitutional Seizure of Fireworks

▮ On appeal, plaintiffs have added two constitutional claims. First, plaintiffs claim that the Fireworks Statute as applied to them constitutes an unconstitutional burden on interstate commerce. They further allege that the defendants seized and destroyed their fireworks in violation of the Fourth, Fifth, and Fourteenth Amendments. However, because these claims were not presented before the district court, they have been improperly raised here. "The court is not compelled to hear, nor should it hear, an issue not presented to the district court unless reaching that issue serves an overarching purpose beyond that of arriving at the correct result in an individual case." *Foster v. Barilow*, 6 F.3d 405, 408 (6th Cir. 1993). There is nothing in the record to suggest that our consideration of these issues now would have any impending significance beyond the litigants here. Regardless, we are ill-equipped to address those challenges because the record below is not developed in those areas and lacks crucial facts needed to determine these claims. Therefore, we do not reach these claims in rendering our decision.

## Conclusion

For the foregoing reasons, the judgment of the district court shall be AFFIRMED.