REQUESTED BY: Sen. Michael J. Flood
Speaker of the Legislature
You have requested a formal opinion from the Attorney General's Office regarding the state's fireworks statutes, Neb. Rev. Stat. §§ 28-1239.01,28-1241 through 28-1250, and 28-1252 (Reissue 1995, Cum. Supp. 2006), the Fire Marshal's authority to regulate fireworks, and whether the state's statutes and regulations are constitutional, including whether they are preempted by federal law. After further consultation with your staff, it appears that the primary focus of your inquiry is whether the state's fireworks statutes are preempted by federal law, and not any other constitutional issues. Accordingly, we will offer our opinion with respect to the following question:
 (1) Does federal law preempt the current Nebraska fireworks statutes, Neb. Rev. Stat. §§ 28-1239.01, 28-1241 through 28-1250, and 28 1252?
For the reasons set forth herein, we believe that the state's fireworks statutes are not preempted by federal law, and the Fire Marshal has the authority to regulate fireworks in Nebraska pursuant to Neb. Rev. Stat. §§ 28-1239.01, 28-1241 through 28-1250, and 28-1252.
Scope of Nebraska Statutes
Nebraska fireworks statutes, Neb. Rev. Stat. §§ 28-1239.01, 28-1241
through 28-1250, and 28-1252, define fireworks and related terms; provide authority to the State Fire Marshal to promulgate rules and regulations and to enforce the fireworks statutes; make it unlawful for any person to "possess, sell, offer for sale, bring into this state, or discharge any fireworks other than permissible fireworks;" allow the State Fire Marshal to determine what fireworks shall be permissible fireworks in the state; require certain permits and licenses; regulate the time and permissible locations for the sale of fireworks; and provide penalties for the violation of the fireworks statutes, among other things.
Scope of Federal Statutes
The federal laws which appear relevant to your question are the Federal Hazardous Substances Act, 15 U.S.C. §§ 1261 through 1278a, the Hazardous Material Transportation Act, 49 U.S.C. §§ 5101 through 5128
(formerly codified at 49 U.S.C. §§ 1802 through 1812), and18 U.S.C. §§ 836, 841-848.
The Federal Hazardous Substances Act defines and regulates hazardous substances, including those that are flammable or combustible, and prohibits the interstate transportation of any mislabeled or banned hazardous substance. 15 U.S.C. § 1261(q)(1) also provides that the Consumer Product Safety Commission shall exempt "common fireworks" from the definition of hazardous substances, and shall provide for the labeling of common fireworks to protect purchasers. The Consumer Product Safety Commission is delegated the responsibility to promulgate regulations pursuant to this act, and in doing so they have established performance standards for fireworks. Those fireworks that violate the performance standards are then classified as "banned hazardous substances" under 15 U.S.C. § 1261(f)(1)(A). See Shelton v. Consumer Products Safety Com'n, 277 F.3d 998 (8th Cir., 2002).
The Hazardous Materials Transportation Act defines hazardous materials and allows the promulgation of regulations by the Secretary of Transportation for the safe transport of the hazardous materials; pursuant to such authority, the transportation of fireworks is regulated, and regulations have been developed regarding shipping papers, marking, labeling, placarding, packaging, and accepting for shipment hazardous materials, including fireworks. 49 U.S.C. §§ 5101
through 5103; 49 CFR 173; Colorado Pyrotechnic Ass'n v. Meyer,740 F. Supp. 792 (D.Colo.,1990).
18 U.S.C. § 836 prohibits the transportation of fireworks into any State knowing that they are to be "delivered, possessed, stored, transshipped, distributed, sold, or otherwise dealt with in a manner or for a use prohibited by the laws of such State specifically prohibiting or regulating the use of fireworks . . . [and] the definitions of fireworks contained in the laws of the respective States shall be applied." 18 U.S.C. §§ 841-848 regulates and requires a license for the interstate importing, manufacture, distributing, and storing of explosive materials, which includes fireworks. See City of Wisconsin Dells v. Dells Fireworks Inc., 197 Wis.2d 1, 11, 539 N.W.2d 916, 919
(1995).
Legal Standard for Preemption
In evaluating whether the Nebraska fireworks statutes are preempted by federal law, certain legal standards must be met. "Federal preemption arises from the Supremacy Clause of the U.S. Constitution and is the concept that state laws that conflict with federal law are invalid. Eyl v. Ciba-Geigy Corp., 264 Neb. 582, 650 N.W.2d 744 (2002), citing U.S. Const. art. VI, cl. 2." In re Lincoln Elec. System, 265 Neb. 70, 76,655 N.W.2d 363, 369 (2003). However, "not all acts of Congress constitute preemption thereby precluding state action in a similar field." ATS Mobile Telephone, Inc. v. General Communications Co., Inc.,204 Neb. 141, 145-146, 282 N.W.2d 16, 19 (1979).
Consideration under the Supremacy Clause starts with the basic assumption that Congress did not intend to displace state law.
Pre-emption occurs when Congress, in enacting a federal statute, expresses a clear intent to pre-empt state law, when there is outright or actual conflict between federal and state law, where compliance with both federal and state law is in effect physically impossible, where there is implicit in federal law a barrier to state regulation, where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the States to supplement federal law, or where the state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress. Pre-emption may result not only from action taken by Congress itself; a federal agency acting within the scope of its congressionally delegated authority may pre-empt state regulation.
Stewart Trucking, Inc. v. PBX, Inc., 238 Neb. 958, 963-964,473 N.W.2d 123, 127 (1991) (internal citations omitted).
Congress explicitly may define the extent to which its enactments preempt state law. In the absence of an express Congressional command, state law is preempted if the law actually conflicts with federal law or if federal law so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the states to supplement it.
Stajos v. City of Lansing, 221 Mich.App. 223, 235, 561 N.W.2d 116, 122
(1997) (internal citations omitted).
Nebraska Fireworks Statutes are not Preempted by Federal Statutes
Several of the federal laws at issue herein address to some degree the issue of state regulation, or the preemption of state statutes.18 U.S.C. § 848 states:
 No provision of this chapter [18 U.S.C.A. §§ 841-848] shall be construed as indicating an intent on the part of the Congress to occupy the field in which such provision operates to the exclusion of the law of any State on the same subject matter, unless there is a direct and positive conflict between such provision and the law of the State so that the two cannot be reconciled or consistently stand together.
The notes to the Federal Hazardous Substances Act, 15 U.S.C.A. § 1261, state:
 (4) Paragraph [f](1)(B) does not prohibit a State or a political subdivision of a State from establishing or continuing in effect a requirement which is designed to protect against a risk of illness or injury associated with fireworks devices or components thereof and which provides a higher degree of protection from such risk of illness or injury than a requirement in effect under a regulation of the Commission described in such paragraph.
The Hazardous Material Transportation Act also contains language regarding preemption:
 (a) General. Except as provided [herein] and unless authorized by another law of the United States, a requirement of a State. . . is preempted if —
 (1) [complying with both the state and federal requirement under the Hazardous Materials Transportation Act] is not possible; or
 (2) the requirement of the State . . .as applied or enforced, is an obstacle to accomplishing and carrying out [a requirement of the Hazardous Materials Transportation Act].
 (b) Substantive differences. —
 (1) Except as provided [herein] and unless authorized by another law of the United States, a [state law] about any of the following subjects, that is not substantially the same as a provision of [the Hazardous Material Transportation Act or a regulation promulgated thereunder] is preempted:
 (A) the designation, description, and classification of hazardous material.
 (B) the packing, repacking, handling, labeling, marking, and placarding of hazardous material.
 (C) the preparation, execution, and use of shipping documents related to hazardous material and requirements related to the number, contents, and placement of those documents.
 (D) the written notification, recording, and reporting of the unintentional release in transportation of hazardous material.
 (E) the designing, manufacturing, fabricating, inspecting, marking, maintaining, reconditioning, repairing, or testing a package, container, or packaging component that is represented, marked, certified, or sold as qualified for use in transporting hazardous material in commerce.
49 U.S.C. § 5125. The Nebraska fireworks statutes do not regulate fireworks in any of the above manners, thus Nebraska law is not occupying the same sphere as that of the federal regulation. Based on the language of the federal laws alone, Nebraska statutes regulating the use and sale of fireworks are unlikely to be preempted.
In addition, courts have specifically addressed the issue of whether state fireworks statutes or municipal ordinances regulating the sale or use of fireworks are preempted by federal law. The overwhelming consensus is that they are not. "Although the federal government has partly pre-empted the field of fireworks regulation by passing the Hazardous Materials Transportation Act (49 U.S.C.A. §§ 1801 et seq.) and the Federal Hazardous Substances Act (15 U.S.C.A. §§ 1261 et seq.), plenty of room has been left for state and local governments to further regulate the sale, possession, use, and transportation of fireworks." 48 A.L.R. 5th 659, § 2(a)(1997). The federal government regulates the area of fireworks, primarily concerning the transportation, packaging and labeling of fireworks shipped across state lines as a hazardous material. See Cohen v. Bredehoeft, 290 F.Supp. 1001, 1004 (D.C.Tex. 1968). This allows state and local governments the deference to regulate the retail sale and use of fireworks. These are separate spheres of regulation and the federal laws do not preclude or preempt this type of state or local regulation. "Ordinances prohibiting the possession for sale of fireworks are almost universally sustained." Stoughton v. City of Fort Worth, 277 S.W.2d 150, 153 (Tex. 1955).
The only area in which the current Nebraska fireworks statutes may potentially be preempted is with respect to transportation, which is contemplated by the exemption found in Neb. Rev. Stat. § 28-1245(3)(1995) . The remaining statutes directly regulate the use and sale of fireworks in the borders of the state. The following case authorities provide further indication that the Nebraska fireworks statutes are not preempted.
When it enacted the Hazardous Materials Transportation Act in 1974, Congress included an express provision concerning preemption:
 (a) Except as provided in subsection (b) of this section, any requirement, of a State or political subdivision thereof, which is inconsistent with any requirement set forth in this chapter, or in a regulation issued under this chapter, is preempted. 49 U.S.C.A. App. § 1811 (West 1976) (emphasis supplied).
By this language, Congress has unmistakenly ordained a limited form of preemption.
* * *
The voluminous regulations concerning shipping, marking, labeling, placarding, and packaging are designed not to regulate the public's ultimate use of hazardous materials, but to ensure that the materials are safely transported in commerce. Still other regulations prescribe details concerning the manner in which hazardous materials may be transported. See, e.g., 49 C.F.R. §§ 177.853-177.870 (1989). A review of the statutes and regulations as a whole demonstrates that Congress and the Department of Transportation intended only to regulate the transportation of hazardous materials in commerce, leaving to the states the task of regulating sales to the public and the public's ultimate use of such materials.
Colorado Pyrotechnic Ass'n v. Meyer, 740 F.Supp. at 795-796(emphasis added).
There is no preemption because the federal regulations cited by plaintiff address only the packaging and classification of fireworks for interstate shipment and do not address the sale or use of fireworks within a state. Further, 18 U.S.C. 836 imposes criminal penalties on a person who knowingly transports fireworks `in a manner or for a use prohibited by the laws of such State specifically prohibiting or regulating the use of fireworks.' This provision also indicates that the definitions of fireworks contained in the laws of the respective states shall be applied. It is thus apparent that the federal regulations contemplate that states are not preempted from regulating the intrastate sale and use of fireworks.
Stajos v. City of Lansing, 221 Mich.App. at 235, 561 N.W.2d at 122
(upholding a Michigan statute prohibiting the sale or use of certain fireworks without a permit.)
[T]here is no reason to suppose that Congress intended to preempt the states from legislating in this area [fireworks]. On the contrary,18 U.S.C. Sec. 836 indicates an intent to encourage state legislation regulating fireworks. The requirement that congressional intent to displace local laws must be clearly manifested is obviously not satisfied in this case.
Cohen v. Bredehoeft, 290 F. Supp. at 1004 (holding that a municipal ordinance prohibiting the presence of any fireworks within the city was not in conflict with or preempted by federal statutes and regulations, including the Federal Hazardous Substances Act, or 18 U.S.C. § 836.) See also Stoughton v. City of Fort Worth, 277 S.W.2d 150 (upholding a permanent injunction based upon a local ordinance prohibiting all manner of fireworks within the city limits and 5,000 feet thereof;) Parker v. City of Fort Worth, 281 S.W.2d 721 (Tex. 1955) (upholding validity of ordinance prohibiting the keeping of fireworks in the city limits and within 5,000 feet thereof;) City of Wisconsin Dells v. Dells Fireworks Inc., 197 Wis.2d 1, 539 N.W.2d 916 (affirming an injunction that prohibited the sale of fireworks without a permit issued by the local municipality pursuant to Wisconsin statute, even though the seller held a federal permit under 18 U.S.C. §§ 843 for explosive materials.) But see City of Fort Worth v. Atlas Enterprises, 311 S.W.2d 922 (Tex. 1958) (holding city ordinance prohibiting the transportation of fireworks through the city invalid in conflict with the laws of Texas, and as discriminatory against interstate commerce and preempted by 18 U.S.C. § 835 .)
Appellants point to the Consumer Product Safety Act (C.P.S.A.),15 U.S.C. s 2051, et seq., and the Federal Hazardous Substances Act (F.H.S.A.), 15 U.S.C. s 1261, et seq. . . .[which] deal with the labeling, transportation and other minimum safety standards which apply to those fireworks which are otherwise legally capable of being possessed under state law. Neither C.P.S.A. nor the F.H.S.A. prohibit the possession of the type of fireworks encountered here.
The F.H.S.A. was enacted to proscribe interstate commerce in certain ultrahazardous substances and to ensure that other hazardous substances not totally banned were properly labeled, describing the substance and the possible hazard to be expected therefrom. 15 U.S.C. s 1263. In dealing with common fireworks, it is clear that Congress did not totally ban interstate dealings in such items, but rather required that they be properly labeled. 15 U.S.C. s 1261(q)(1)(ii). The legislative history of the F.H.S.A. discloses Congressional intent not to restrict states from otherwise prohibiting fireworks:
 Moreover, the limited preemption amendment relates only to labeling and would not preclude States or localities from prohibiting altogether an article, such as fireworks, which would not be banned under the Federal act if properly labeled.
U.S. v. Marcyes, 557 F.2d 1361, 1365 (9th Cir. 1977).
Based on the discussion above, the requirements for federal preemption do not appear to be met. The federal laws at issue specifically address the issue of preemption and indicate that the Nebraska fireworks statutes are not preempted. In addition, based on the case authorities from around the United States, we do not believe that Congress has explicitly preempted state regulation of fireworks. There is no discernable conflict between federal and state law, and it is not impossible to comply with both federal and Nebraska law in the area of fireworks. We also do not believe that federal law so thoroughly occupies the field of fireworks regulation that there is no room for state regulation, or that the state law at issue here is an obstacle to federal regulation. Thus, we do not believe the Nebraska Fireworks statutes are preempted by federal law.
Conclusion
For the reasons set out above, it is our opinion that the Nebraska fireworks statutes, Neb. Rev. Stat. §§ 28-1239.01, 28-1241 through28-1250 and 28-1252, are not preempted by federal law.
Sincerely,
JON BRUNING
Attorney General
Natalee J. Hart
Assistant Attorney General
Approved:
______________________________
Attorney General