**BURDA BROTHERS, INC.,
et al., Plaintiffs,**

v.

**Raymond WALSH, et al., Defendants.**

**Burda Brothers, Inc., et al., Plaintiffs,**

v.

**Wayne County, et al., Defendants.**

**Nos. Civ.A. 98–40396, Civ.A. 98–40397.**

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 16, 1999.

Hugh M. Davis, Jr., Detroit, MI, for plaintiffs.

William S. Pearson, Wayne County Corporation Counsel, Detroit, MI, for Raymond Walsh, Wayne County Prosecutor, defendants.

Mark S. Meadows, Michigan Department of Attorney General, Lansing, MI, for Michigan State Police, Gary Gray, Debby House, Charles R. Schumacher, Karla Keefer, Larry Bohnsack, defendants.

S. Randall Field, Johnson, Rosati, Farmington Hills, MI, for Tp. of Canton, John Stantomauro, Scott Hughsdon, Charles Raycraft, Robert Smedley, Tammy Colling, Alex Wilson, Rick Pomorski, Rene Leblanc, Art Winkle, Michael Rorabacher, Russ Heatwolf, Mark Schultz, defendants.

John A. Dolan, York, Dolan, Clinton Township, MI, for Clinton, Township of, defendant.

## MEMORANDUM OPINION AND ORDER

GADOLA, District Judge.

### I. INTRODUCTION

A number of motions have been filed in two separate cases (Case nos. 98–40396 and 98–40397) which arise out of various attempts by state and local authorities to enforce fireworks laws promulgated by the state of Michigan. Plaintiffs, Burda Brothers, Inc., Efim Burda and Elissa Burda (collectively "Burda Bros.") have filed these actions asserting claims under federal and state law for damages and declaratory and injunctive relief. Plaintiffs, Marc Pickelman and Raymond Snarski, have joined only the first action (98–40396), asserting claims for declaratory relief only.

There are three separate categories of defendants:

**1. The Wayne County defendants—**
This group includes Wayne County, Assistant Prosecuting Attorney Raymond Walsh, and Wayne County Sheriff's Department Detectives Edward Carravallah and Ali Berry. Burda Bros. has asserted claims against Wayne County and Walsh in both actions (98–40396 and 98–40397), however Carravallah and Berry are

named as defendants only in the second action (98–40397). Pickelman and Snarski have not asserted any claims against any of the Wayne County defendants.

**2. The Canton Township defendants—**

This group includes Canton Township, Director of Public Safety John Santomauro, Canton Township Police Detectives Scott Hughesdon, Robert Smedley and Rick Pomorski, Canton Township Police Officers Charles Raycraft, Tammy Colling, Alex Wilson, Rene LeBlanc and Mark Schultz, Canton Township Fire Department officers Art Winkle and Michael Rorabacher, Canton Township Building Department employee Russ Heatwole, and certain as yet unidentified officers of the Canton Township Public Safety Department. Burda Bros. has asserted claims against the Canton Township defendants in the first case (98–40396) only. Pickelman and Snarski have not asserted any claims against any of the Canton Township defendants.

**3. The Michigan State Police defendants—**

This group includes the Michigan State Police, Michigan State Police Detective Gary Gray, Michigan State Police Detective Sergeant Larry Bohnsack, Michigan State Police Officers Debby House, Charles Schumacker and Karla Keefer, and certain unidentified officers of the Michigan State Police. Burda Bros. has asserted claims against the Michigan State Police defendants in the first case (98–40396) only. Pickelman and Snarski have asserted claims against the official entity of the Michigan State Police only, and those claims are contained within the first case (98–40396) only.

Plaintiffs have asserted three types of claims:

**1. Federal Claims pursuant to 42 U.S.C. § 1983:**

Burda Bros. has asserted claims for damages pursuant to 42 U.S.C. § 1983, against all defendants, with the exception of Clinton Township and the Michigan State Police itself, in the first action (Count I of 98–40396). Specifically, Burda Bros. alleges that defendants have violated Burda Bros.'s constitutional rights by retaliating against Burda Bros., via malicious prosecution and harassment, for legitimate exercise of Burda Bros.'s First Amendment right to petition for redress of grievances, subjecting Burda Bros. to unreasonable searches and seizures, and depriving Burda Bros. of property without due process. Burda Bros. has also alleged a conspiracy to violate these rights.

Burda Bros. have also asserted the same federal claims arising out of slightly different factual circumstances in the second case (Count I of 98–40397). As set forth above, these claims are asserted against the Wayne County defendants only.

Pickelman and Snarski have not asserted any federal claims for damages.

**2. State law claims for damages**

Burda Bros. has also asserted various state law claims for damages against all defendants with the exception of Clinton Township in the first case (Count II of 98–40396). Burda Bros. has alleged similar state law claims against the Wayne County defendants in the second case (Count II of 98–40397).

Pickelman and Snarski have not asserted any state law claims seeking damages.

On July 9, 1999, this court entered an order providing that the court would not exercise supplemental jurisdiction over the state law claims in this case, and remanding Count II of both complaints without prejudice.

### 3. Claims for declaratory and injunctive relief

Burda Bros., Pickelman and Snarski have all asserted various claims for declaratory and injunctive relief in Count III of the first case (98–40396) only. Plaintiffs ask this court to declare that the Michigan fireworks legislation (Mich.Comp.Laws § 750.243a–d) is preempted by certain federal regulations and/or is unconstitutionally vague.

This court's July 9, 1999 order provided that, to the extent plaintiffs are seeking declaratory or injunctive relief under Michigan state law, those claims would also be remanded to the Wayne County Circuit Court.

The parties have filed **FIVE** different motions:

A. **Motion in the first case (98–40396) by the Wayne County defendants to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6);**

B. **Motion in the first case (98–40396) by the Canton Township defendants for summary judgment;**

C. **Motion in the first case (98–40396) by the Michigan State Police defendants for summary judgment;**

D. **Motion in the first case (98–40396) by plaintiffs for declaratory judgment; and**

E. **Motion in the second case (98–40397) by the Wayne County defendants to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).**

For the reasons set forth below, this court will **GRANT** each of the defendants' motions (motions (A)—(C) and (E)), and **DENY** plaintiffs' motion (motion (E)). Such a disposition results in the dismissal of both cases in their entirety.

Each of the motions will be discussed in turn.

## II. *DISCUSSION RELATED TO MOTIONS FILED IN THE FIRST CASE (98–40396)—(MOTIONS (A) THROUGH (D))*

### Factual Background giving rise to the first complaint (98–40396)

Plaintiff Efim Burda is the owner and president of Burda Bros., Inc., and plaintiff Elissa Burda is the secretary of the corporation. Plaintiffs operate a store in Canton Township, Wayne County, Michigan, at which they engage in the sale of fireworks and related products.

In the summer of 1994, plaintiffs became aware that certain state and local authorities considered plaintiffs' business practices to be illegal under Michigan law regulating the sale, use and storage of fireworks (Mich.Comp.Laws §§ 750.243a–d). Accordingly, on June 30, 1994, Burda Bros. filed suit in Wayne County Circuit Court seeking a declaration that its business practices were legal under Michigan law. Burda Bros. also sought a declaratory judgment to the effect that the Michigan Fireworks Law was preempted by federal regulations and/or unconstitutionally vague. On July 1, 1994, the Wayne County Circuit Court entered a temporary restraining order protecting Burda Bros. from enforcement activity related to certain of its business practices. Plaintiffs claim that their success in obtaining the July 1, 1994 temporary restraining order engendered animus and hostility from the various state and local authorities that are now defendants in the first case (98–40396). The complaint alleges that, in 1995, these authorities engaged in an improper attempt to shut down plaintiffs' business.

Throughout the early summer of 1995, various members of the Canton Township Police Department engaged in the undercover purchase of various fireworks from Burda Brothers. Plaintiffs contend that the investigation was supervised by Asst. Pros. Atty. Walsh. These purchases resulted in arrests and subsequent criminal

charges. As a result of this enforcement activity, Burda Bros. renewed its request for injunctive relief to protect its business practices. On June 9, 1995, the Wayne County Circuit Court entered a preliminary injunction which provides, in relevant part:

1. It appearing that Plaintiffs Burda Brothers, Inc., ... have properly obtained all necessary permits to engage in the seasonal sale and public display of fireworks and it further appearing that Defendant Canton Township has threatened enforcement action to prevent their sale and display of USDOT Div. 1.4 (*formerly known as DOT Class C*) consumer fireworks to permit holders pursuant to [Mich.Comp.Laws § ] 750.243b and to the public at large pursuant to [Mich. Comp.Laws § ] 750.243a(3).

2. If further appearing that Plaintiffs have a substantial likelihood of success on the merits and will suffer irreparable harm if said enforcement action takes place....

IT IS HEREBY ORDERED that Defendant Canton Township and others acting in concert with them shall be restrained from:

(a) Requiring that USDOT Division 1.4 (old Class C common) consumer fireworks restricted for use in Michigan without a permit be removed from a supervised public display area.

(b) Requiring that same fireworks be stored as if they were [USDOT] Division 1.3 (old Class B special fireworks).

(c) Engaging in mass seizures or confiscations of plaintiffs' stock or closing plaintiffs' business ..., *assuming that plaintiffs' practices do not vary from those described in the complaint, ... [and] so long as plaintiffs possess and display only U.S. DOT consumer fireworks (Division 1.4).*

IT IS FURTHER ORDERED *that this Preliminary Injunction shall not restrain or enjoin the Defendant or its agents from engaging in law enforcement activities, or the initiation of criminal complaints or the initiation and processing of criminal prosecutions for any violation of the Michigan Fireworks Law or any other criminal statute against the Plaintiffs Burda Brothers, Inc., ... or its agents officers and employees.*

(Pl.'s List of Exhibits, Exh. 12 (emphasis added).)

Despite this preliminary injunction, law enforcement officers continued to engage in undercover purchases of fireworks. Subsequent to a number of such purchases, further arrests were made. Law enforcement officers also confiscated material sold to other customers. On June 20, 1995, Asst. Pros. Atty. Walsh prepared an Affidavit for Search Warrant concerning Burda Bros.'s premises. The Affidavit does not contain any reference to the June 9, 1995 preliminary injunction. The Affidavit was signed by Detective Gray of the Michigan State Police. A subsequent search was executed on June 22, 1995, and a number of items were seized. Plaintiffs immediately filed a motion for return of the property seized on June 22, 1995. On June 26, 1995, the Circuit Court entered an order for return of property.

Asst. Pros. Atty. Walsh took an emergency interlocutory appeal of the June 26, 1995 order, and the Michigan Court of Appeals entered an interim stay of the June 26, 1995 order. The Court of Appeals further authorized the Michigan State Police to reseize the items originally confiscated. The Michigan State Police did return to plaintiffs' premises to reseize the items, and plaintiff contends that the authorities "[held plaintiffs'] warehouse captive, closed to the public, and unable to engage in either interstate or intrastate commerce." On June 28, 1995, the Circuit Court held an evidentiary hearing on the validity of the search. At the conclusion of the hearing, the court entered an order indicating that the search had not been conducted pursuant to a valid warrant, that the failure to disclose that there was a

preliminary injunction enjoining certain enforcement practices was a material omission in the Warrant Affidavit, and that if the district court had known of the preliminary injunction, it would have determined that no probable cause existed for the search. Accordingly, the Court of Appeals subsequently dissolved the interim stay of the Circuit Court's order that the property seized be returned to plaintiffs. During and subsequent to this period just prior to the Fourth of July holiday in 1995, additional undercover purchases of fireworks were consummated and additional arrests were made.

Pursuant to these events, the status of proceedings as of May, 1996 was that Burda Bros.'s 1994 state court action seeking declaratory relief was still pending, and there were nine separate criminal cases pending related to the arrests effected in the summer of 1995. On May 6, 1996, the Wayne County Circuit Court entered an order granting Burda Bros.'s motion for declaratory relief in part, and holding that the Michigan Fireworks Law is preempted by federal regulations promulgated pursuant to the Hazardous Materials Transportation Act. Because the court determined that the law is preempted, the court declined to address the merits of Burda Bros.'s claim that the statute is unconstitutionally vague.

On May 31, 1996, in consideration of the May 6, 1996 opinion and order of the Circuit Court, the District Court judge before whom the nine related criminal cases were pending issued an order also holding that Mich.Comp.Laws § 750.243a(2)(c), the statute pursuant to which the criminal defendants were being prosecuted, was invalid as a result of federal preemption. Accordingly, the state district court judge dismissed the nine criminal cases arising out of the events that took place in 1995.

Subsequently, On July 1, 1997, the Michigan Court of Appeals reversed the May 6, 1996 order of the Circuit Court judge, and held that the Michigan Fireworks Law is *not* preempted by federal regulations.

Plaintiff subsequently filed the first action (98–40396) in Wayne County Circuit Court. On July 21, 1998, defendants removed the action to this court.

**Discussion of Motions (A) through (C)**

Motions (A) through (C) are the motions to dismiss and/or for summary judgment filed in the first case (98–40396) by the three separate groups of defendants.

### 1. Standard for dismissal pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint which fails "to state a claim upon which relief can be granted." Rule 12(b)(6) affords the individual defendants in this case an opportunity to test whether, as a matter of law, the plaintiff is entitled to legal relief on his complaint even if everything alleged in the complaint is true. In applying the standards under Rule 12(b)(6), the court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir.1995). The court need not, however, accord the presumption of truthfulness to any legal conclusion, opinions or deductions, even if they are couched as factual allegations. *Western Mining Council v. Watt,* 643 F.2d 618, 629 (9th Cir.1981); *Mitchell v. Archibald & Kendall, Inc.,* 573 F.2d 429, 432 (7th Cir.1978); *Sexton v. Barry,* 233 F.2d 220, 223 (6th Cir.1956). Dismissal for failure to state a claim is disfavored:

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Cameron v. Seitz,* 38 F.3d 264, 270 (6th Cir.1994) (stating that a motion to dismiss

should be denied unless "it is clear that the plaintiff can prove no set of facts in support of [its] claim that would entitle [it] to relief").

## 2. Standard for summary judgment pursuant to Rule 56

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the non-moving party's case on which the non-moving party would bear the burden of proof at trial. *Martin v. Ohio Turnpike Commission*, 968 F.2d 606, 608 (6th Cir. 1992); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the non-moving party. *60 Ivy Street Corporation v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). In other words, the disputed fact must be one which might affect outcome of the suit under the substantive law controlling the issue. *Henson v. National Aeronautics and Space Administration*, 14 F.3d 1143, 1148 (6th Cir. 1994). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Accordingly, where a reasonable jury could not find that the non-moving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Feliciano v. City of Cleveland*, 988 F.2d 649 (6th Cir.1993).

Once the moving party carries its initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the non-moving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the non-moving party must present more than just some evidence of a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986):

> There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the [non-moving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Consequently, the non-moving party must do more than raise some doubt as to the existence of a fact; the non-moving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701, 1991 WL 49687 (6th Cir.1991).

## 3. Analysis of Motions (A) through (C)

This court notes at the outset that it has been presented with, and considered, matters outside the pleadings in the course of dealing with the pending motions in this

case. Accordingly, this court will treat the motions to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) as motions for summary judgment. *See* Fed.R.Civ.P. 12(b).

The motions to dismiss and/or for summary judgment filed by the separate groups of defendants are substantially the same. Each group contends that, with respect to plaintiffs' claims in Count I, the individual defendants are entitled to absolute or qualified immunity and plaintiffs have failed to establish municipal liability under § 1983. With respect to Count III, the defendants' groups contend that, pursuant to the *Rooker/Feldman* abstention doctrine, this court must abstain from considering the merits of plaintiffs' claim that the Michigan Fireworks Law is unconstitutional, and moreover, even if this court were to consider the merits of the claims, this court should still find that the Michigan Fireworks Law is constitutional.

Because defendants' claims, and plaintiffs' responses to those claims, are essentially the same in each motion, this court will address the three motions together.

### a. Count I—Plaintiffs' § 1983 claims

As set forth above, Burda Bros. has alleged essentially three types of constitutional violations. Specifically, Burda Bros. alleges first that defendants have violated Burda Bros.'s rights under the First Amendment by retaliating against Burda Bros., via malicious prosecution and harassment, for legitimate exercise of Burda Bros.'s First Amendment right to petition for redress of grievances. Second, Burda Bros. alleges that defendants subjected Burda Bros. to unreasonable searches and seizures in violation of the Fourth Amendment. Third, Burda Bros. alleges that defendants have deprived Burda Bros. of property without due process.[1]

Burda Bros. has also alleged a conspiracy to violate these rights.

■ Each of the individual defendants have claimed qualified immunity. Government officials who perform discretionary functions are entitled to qualified immunity from civil suits for damages arising out of the performance of their official duties as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *See Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). A government official is not entitled to qualified immunity if his conduct results in the violation of a clearly established statutory or constitutional right of which a reasonable person would have known. *Id.* at 638–40, 107 S.Ct. 3034; *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

■ To withstand a motion for summary judgment based on a claim of qualified immunity in the Sixth Circuit, a plaintiff must establish two things. First, the plaintiff's allegations must state a claim of the violation of clearly established law. In determining whether a statutory or constitutional right is clearly established at the time of the actions in question, this court must first look to the decisions of the Supreme Court, then to the decisions of the Sixth Circuit and other courts of this circuit, and finally to the decisions of other circuits. *See Dickerson v. McClellan,* 101 F.3d 1151, 1158 (6th Cir.1996); *Buckner v. Kilgore,* 36 F.3d 536, 539 (6th Cir.1994). A right is clearly established if "the contours of the right are sufficiently clear such that a reasonable official would understand that what he is doing violates that right." *Russo v. City of Cincinnati,* 953 F.2d 1036, 1042 (6th Cir.1992). As held by the Sixth Circuit, "[a]lthough it need not be the case

---

**1.** This court notes that it is unclear whether plaintiffs are actually asserting a substantive due process claim. In response to defendants' claim that any substantive due process claim lacks merit, plaintiffs responded that their claims are really claims of inappropriate seizure under the Fourth Amendment. Accordingly, it would appear that the only claims asserted by plaintiffs are the claims of retaliation in violation of the First Amendment and unreasonable search and seizure under the Fourth Amendment.

that 'the very action in question has previously been held unlawful, ... in the light of pre-existing law the unlawfulness must be apparent.'" *Id.* (quoting *Anderson,* 483 U.S. at 640, 107 S.Ct. 3034).

Second, the plaintiff must present evidence sufficient to create a genuine issue of material fact as to whether the defendant in fact committed the acts that violated the law. *See Adams v. Metiva,* 31 F.3d 375, 386 (6th Cir.1994). Summary judgment is inappropriate "if there is a genuine factual dispute relating to whether the defendants committed the acts that allegedly violated clearly established rights." *Dickerson,* 101 F.3d at 1158 (citing *Buckner,* 36 F.3d at 540).

■ In this case, plaintiff has failed to allege facts which, if proven, would establish the violation of a clearly established constitutional right of which a reasonable person would have known. With respect to the retaliation claims, plaintiffs have alleged that defendants illegally harassed them, maliciously prosecuted them and falsely arrested them in retaliation for the legitimate exercise of their right to seek the June 9, 1995 preliminary injunction. First, as is discussed more fully below, this court should find that defendants' conduct does not amount to false arrest, harassment and malicious prosecution. Moreover, even if this court were to find the defendants' investigatory and prosecutory actions were unlawful, to succeed on this First Amendment claim, plaintiffs must establish that the defendants would not have taken those actions *"but for* [their] intent to interfere with [plaintiffs'] freedom of speech." *Tatro v. Kervin,* 41 F.3d 9, 18 (1st Cir.1994) (emphasis in original). Here, plaintiffs have not alleged facts sufficient to establish that the intent of the actions of the defendants in this case was to retaliate for the plaintiffs' de-

cision to seek the June 9, 1995 preliminary injunction. If fact, many of the incidents allegedly giving rise to this claim occurred *before* the injunction was sought. Accordingly, plaintiffs' First Amendment claim is without merit.

■■ With respect to plaintiffs' Fourth Amendment claims, plaintiff essentially makes two types of arguments. First, plaintiff points to the June 20, 1995 Warrant Affidavit, the subsequent search and related events, as evidence of unreasonable conduct under the Fourth Amendment. Specifically, plaintiff contends that the failure to include any reference to the June 9, 1995 preliminary injunction in the Warrant Affidavit constitutes an intentional unreasonable act tainting the warrant approval process. Plaintiff also alleges that, subsequent to the Michigan Court of Appeals' interim order staying the Circuit court's order for return of property, the Michigan State Police took unreasonable steps to reseize the property. This court finds that neither contention adequately supports a Fourth Amendment claim in this case. First, the clear terms of the June 9, 1995 preliminary injunction provide that nothing in that order should be read to foreclose investigation or prosecution for violation of the fireworks law. The preliminary injunction merely prevents defendants from punishing plaintiffs for displaying Class C fireworks in generally accessible areas. Defendants, however, had probable cause to believe that plaintiffs were illegally storing and selling fireworks, *other than Class C fireworks,* in contravention of the fireworks law. Under those circumstances, it is at least debatable among reasonable officers that there is no need to inform a judicial officer of a potentially tangentially related preliminary injunction.[2] Under those circumstances, this

---

2. Plaintiffs rely heavily on an order invalidating the June 22, 1995 search and seizure entered on March 6, 1996 in the Wayne County Circuit Court. The order provides that the "failure of the search warrant affidavit to inform the district court of the circuit court

temporary retraining order was a material omission. With the addition of this information the district court lacked probable cause to issue a search warrant." (Pl.'s Mot. for Decl. Relief, Exh. 13 at 3.) Plaintiffs contend that this court is bound by that determination,

court finds that the individual defendants involved in the warrant application process are entitled to qualified immunity. Moreover, the allegations related to the re-seizure of property are conclusory at best, and do not provide an adequate basis, even if accepted as true, to overcome defendants' claim of qualified immunity. Accordingly, this court rejects plaintiffs' first argument.

■ Plaintiffs' second claim relates to the alleged invalidity of the Michigan Fireworks Law. Plaintiffs essentially contend that, because the Michigan Fireworks Law is preempted and unconstitutionally vague, defendants' attempts to enforce that law against plaintiffs are in violation of the Fourth Amendment. In addition, plaintiff argues that the criminal prosecutions based on the fireworks law were also invalid. This argument should be rejected. At the time of these events, the Michigan Fireworks Law had not been declared invalid by any Michigan court. Accordingly, the officers in this case were engaged in attempting to reasonably apply the controlling law. The fact that a court subsequently declared the statute invalid is no grounds for a finding that the prior conduct of the officers was objectively unreasonable. Moreover, the fact that the Michigan Court of Appeals has since reversed the lower court's order invalidating the statute renders plaintiffs' second argument all the more dubious. Accordingly, this court also rejects plaintiffs' second argument related to the Fourth Amendment claims in this case.

and hence that this court must find that there was a clear violation of the Fourth Amendment in this case.

This court rejects plaintiffs' claim. As the Supreme Court held in *Elkins v. United States*, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960):

In determining whether there has been an unreasonable search and seizure by state officers, a federal court must make an independent inquiry, whether or not there has been such an inquiry by a state court, and irrespective of how any such inquiry may

Therefore, for the reasons set forth above, plaintiffs have failed to allege facts sufficient to support a claim that any of the individual defendants acted in violation of any constitutional right of which a reasonable person would have known. Therefore, the individual defendants are entitled to qualified immunity with respect to plaintiffs' § 1983 claims in the first case (98–40396).

■ With respect to the claims against the various municipalities, plaintiffs have alleged that the municipalities had a custom, policy or practice in effect which was designed to violate plaintiffs constitutional rights. Plaintiffs have asserted that this policy manifested itself in the actions of the individual defendants. Given that this court has found that the actions of the individual defendants were sufficiently reasonable to entitle them to qualified immunity, this court also finds that plaintiffs have failed to establish any policy or practice designed to deprive plaintiffs of any constitutional rights.

Accordingly, this court finds that defendants are entitled to dismissal and/or summary judgment with respect to plaintiffs' § 1983 claims contained in Count I of the first case (98–40396).

### b. Count III—Declaratory relief

■ As set forth above, plaintiffs seek a declaratory judgment to the effect that the Michigan Fireworks Law is invalid as preempted by federal regulations or unconstitutionally vague. Defendants argue that this court should abstain from deciding the merits of a portion of that claim on

have turned out. The test is one of federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed.

*Id.* at 223–24, 80 S.Ct. 1437; *see also United States v. Wright*, 16 F.3d 1429, 1437 (6th Cir.1994). Accordingly, this court rejects plaintiff's contention that the March 6, 1996 order issued by the state circuit court mandates a finding by this court that there has been a clear violation of the Fourth Amendment.

the basis of the *Rooker/Feldman* doctrine. The *Rooker/Feldman* doctrine, "a combination of the abstention and res judicata doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in a state court." *United States v. Owens,* 54 F.3d 271, 273 (6th Cir.1995). This court must apply the doctrine, and dismiss a claim for lack of subject matter jurisdiction if the party against whom the doctrine is being applied had the opportunity to raise the issue in a prior state court proceeding, and the issue was adjudicated in the prior state court proceeding.

▆▆▆▆ With regard to the Burda Bros., any claim that the fireworks law is preempted by federal regulations is barred by *Rooker/Feldman.* The Michigan Court of Appeals clearly disposed of that issue, Burda Bros. had a full and fair opportunity to litigate the issue in front of the state court, and this court may not review the decision of the Michigan Court of Appeals. Accordingly, this court must dismiss the claims by the Burda Bros. plaintiffs that the Michigan Fireworks Laws are preempted by federal regulations. What complicates this matter somewhat is the addition in this action of Pickelman and Snarski. They have no relation to any of the factual allegations set forth in the complaint that relate to the § 1983 claims. The only claims asserted by Pickelman and Snarski are claims against the Michigan State Police for declaratory relief identical to that sought by the Burda Bros. It appears that they have been added solely for the purpose of allowing the Burda Bros. to advance an argument in front of this court that they would otherwise be unable to advance, i.e., that the Michigan Court of Appeals erred when it found that the Michigan Fireworks Law is not preempted by federal regulations. This court will not allow the Burda Bros. plaintiffs to execute an end run around the *Rooker/Feldman* doctrine in this manner. Accordingly, this court will dismiss the claims of Pickelman and Snarski without prejudice, and allow them to raise these claims in litigation separate from the Burda Brothers.

▆▆▆▆ With regard to the claims of vagueness, the state court did not adjudicate those claims because it found that the statute was preempted. Accordingly, it would appear that *Rooker/Feldman* would not apply to those claims. However, plaintiffs' claims of vagueness lack merit, and therefore should be dismissed on their merits. The primary basis for plaintiffs' claims of vagueness is the presence in § 750.243a of phrases such as "and other similar devices" (§ 750.243a(1)(b); § 750.243a(1)(c)) and "other fireworks of like construction" (§ 750.243a(2)(c)). However, a thorough review of the statute indicates that the terms of the statute are more than adequately defined. The fact that the legislature was unable or unwilling to specifically list each and every conceivable kind of firework does not render the statute unconstitutionally vague. Accordingly, this court finds that plaintiffs' claims of vagueness lack merit.

Therefore, for the reasons set forth above, this court will dismiss Count III of plaintiffs' first complaint (98–40396).

This court notes finally that plaintiffs filed a motion on August 4, 1999 for clarification of this court's July 9, 1999 order declining to exercise supplemental jurisdiction over the state law claims in this case. Specifically, plaintiffs have asked this court to clarify what claims in Count III it remanded, and what claims in Count III it retained. Plaintiffs may refer to the discussion in this section. It is the court's position that this discussion disposes of every federal question in Count III. To the extent there are claims in Count III of the complaint that have not been addressed here, this court construes those claims as state law claims more appropriately addressed in the state court.

### c. Conclusion with respect to Motions (A) through (C)

As a result of the foregoing analysis, this court will **GRANT** motions (A) through (C).

### 4. Analysis of Motion (D)

Motion (D) is plaintiffs' motion for declaratory judgment seeking a declaration by this court that the Michigan Fireworks Law is preempted by federal regulations and/or is unconstitutionally vague. The arguments supporting this court's decision to dismiss Count III of plaintiffs' first complaint are equally applicable to plaintiffs' motion for declaratory relief. Therefore, for the reasons set forth in the previous section (§ 3(b)) of this opinion, this court will deny plaintiffs' motion for declaratory judgment (motion (E)).

### III. *DISCUSSION RELATED TO MOTION FILED IN THE SECOND CASE (98–40397)—(MOTION (E))*

**Factual Background giving rise to the second complaint (98–40397)**

The second complaint arises out of an alleged improper seizure conducted on July 2, 1997 by officers of the Wayne County Sheriff's Road Patrol. The seizure was conducted pursuant to a warrant obtained from the state court. The officers seized a tractor-trailer load of fireworks on or near plaintiffs' premises. Plaintiffs' second complaint asserts nearly identical claims to the claims asserted in the first complaint, that is, § 1983 claims of retaliation, unreasonable search and seizure, and deprivation of property without due process, as well as various state court claims. The complaint was originally filed in Wayne County Circuit Court, and was removed to this court on September 30, 1998.

**Discussion of Motion (E)**

The Wayne County defendants, the only defendants against whom claims are asserted in the second complaint, have moved for dismissal and/or summary judgment on essentially the same grounds asserted in the first case. Specifically the Wayne County defendants argue that the officers are entitled to qualified immunity, and that plaintiffs have failed to state a claim against the municipality under § 1983. In response, plaintiff again relies primarily on the June 9, 1995 injunction as the basis for a claim that the actions of the officers in this case were objectively unreasonable.

Again, as set forth above, the injunction, by its own specific terms, does not foreclose investigation or prosecution for violation of the Michigan Fireworks Law. These officers obtained a valid warrant based on probable cause that plaintiffs were storing and selling illegal fireworks. Under the circumstances, this court finds that the actions of these officers, and the prosecutor who prepared the warrant affidavit, could reasonably have been thought consistent with the rights the defendants are alleged to have violated. Accordingly, this court finds that the individual defendants are entitled to qualified immunity, and the claims against them will be dismissed.

Because the individual defendants are entitled to qualified immunity, this court is unable to say that Wayne County is engaged in a policy or practice of violating plaintiffs' constitutional rights. Accordingly, the claims against Wayne County will be dismissed as well.

Therefore, for the reasons set forth above, this court will **GRANT** defendants' motion for dismissal and/or summary judgment in the second case (motion (E)), and dismiss plaintiffs' complaint in its entirety.

**Conclusion**

Accordingly, this court having reviewed the submissions of the parties and being fully advised in the premises,

**IT IS HEREBY ORDERED** that the following motions in case number 98–40396 are **GRANTED:**

1. The Wayne County defendants' motion for summary judgment;

2. The Canton Township defendants' motion for summary judgment; and

3. The Michigan State Police defendants' motion for summary judgment.

IT IS FURTHER ORDERED that plaintiffs' motion for declaratory judgment in case number 98–40396 is **DENIED.**

IT IS FURTHER ORDERED that the Wayne County defendants' motion for summary judgment in case number 98–40397 is **GRANTED.**

IT IS FURTHER ORDERED that all claims asserted by plaintiffs Burda Bros., Inc., Efim Burda, and Elissa Burda in both case number 98–40396 and case number 98–40397 are **DISMISSED with prejudice.**

IT IS FURTHER ORDERED that the claims of plaintiffs, Marc Pickelman and Raymond Snarski, in case number 98–40396 are **DISMISSED without prejudice.**

**SO ORDERED.**

### PARTIAL JUDGMENT

This action came before this court, the Honorable Paul V. Gadola, District Judge presiding, and the issues related to all claims brought by plaintiffs, Burda Bros., Inc., Efim Burda, and Elissa Burda, having been fully presented and the court being fully advised in the premises, and a decision having been duly rendered,

IT IS HEREBY ORDERED AND AD-JUDGED that the plaintiffs, Burda Bros., Inc., Efim Burda, and Elissa Burda, take nothing in this action against defendants, and that all claims brought by those plaintiffs be **DISMISSED** with prejudice.

**SO ORDERED.**

### JUDGMENT

This action came before this court, the Honorable Paul V. Gadola, District Judge presiding, and the issues having been fully presented and the court being fully advised in the premises, and a decision having been duly rendered,

IT IS HEREBY ORDERED AND AD-JUDGED that the plaintiffs take nothing in this action against defendants, and that

their complaint be **DISMISSED** with prejudice.

**SO ORDERED.**