**Mark PICKELMAN and Raymond Snarski, Plaintiffs,**

v.

**MICHIGAN STATE POLICE and Colonel Michael D. Robinson, in his official capacity, Defendants.**

No. Civ.A. 00–40134.

United States District Court,
E.D. Michigan,
Southern Division.

June 30, 2000.

See also 61 F.Supp.2d 648, 561 N.W.2d 116.

Hugh M. Davis, Jr., Detroit, MI, for plaintiff.

Patrick M. Edwards, Detroit, MI, for plaintiff.

Mark S. Meadows, Michigan Department of Attorney General, Tort Defense Division, Lansing, MI, for defendant.

### MEMORANDUM OPINION AND ORDER DISMISSING CIVIL ACTION

GADOLA, District Judge.

Before this Court is Defendants' Motion to Dismiss and for Summary Judgment filed on May 9, 2000. Pursuant to Local

Rule 7.1(e)(2), this Court has determined that oral argument will not significantly aid in the disposition of this motion. For reasons stated below, this Court will grant the relief sought by Defendants for reasons other than those raised by Defendants, and·this Court will dismiss this civil action.

## Factual Background

Plaintiff Mark Pickelman "is a seasonal fireworks merchant in Luce County in the Western District of Michigan." (First Amended Compl. ¶ 1.) Plaintiff Raymond Snarski "is a seasonal fireworks merchant who resides in Macomb County in the Eastern District of Michigan." (*Id.* ¶ 2.) Defendant Michigan State Police is a Michigan law enforcement agency with posts throughout the State of Michigan. (*Id.* ¶ 3.) Defendant Colonel Michael D. Robinson "is the Director of Defendant, Michigan State Police, and is sued in his official capacity only." (*Id.* ¶ 4.)

## Procedural History

This Court dismissed Plaintiffs' claims for relief without prejudice in *Burda Brothers, Inc. v. Walsh*, 61 F.Supp.2d 648 (E.D.Mich.1999), thereby allowing them to raise their claims for relief against the Michigan State Police in litigation separate from Burda Brothers, Inc. In *Burda Brothers, Inc.*, this Court stated as follows:

... plaintiffs seek a declaratory judgment to the effect that the Michigan Fireworks Law is invalid as preempted by federal regulations or unconstitutionally vague. Defendants argue that this court should abstain from deciding the merits of a portion of that claim on the basis of the *Rooker/Feldman* doctrine. The *Rooker/Feldman* doctrine, "a combination of the abstention and res judicata doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in a state court." *United States v. Owens*, 54 F.3d 271, 273 (6th Cir.1995). This court must apply the doctrine, and dismiss a claim for lack of subject matter jurisdiction if the party against whom the doctrine is being applied had the opportunity to raise the issue in a prior state court proceeding, and the issue was adjudicated in the prior state court proceeding.

With regard to the Burda Bros., any claim that the fireworks law is preempted by federal regulations is barred by *Rooker/Feldman.* The Michigan Court of Appeals clearly disposed of that issue, Burda Bros. had a full and fair opportunity to litigate the issue in front of the state court, and this court may not review the decision of the Michigan Court of Appeals. Accordingly, this court must dismiss the claims by the Burda Bros. plaintiffs that the Michigan Fireworks Laws are preempted by federal regulations. **What complicates this matter somewhat is the addition in this action of Pickelman and Snarski. They have no relation to any of the factual allegations set forth in the complaint that relate to the § 1983 claims. The only claims asserted by Pickelman and Snarski are claims against the Michigan State Police for declaratory relief identical to that sought by the Burda Bros. It appears that they have been added solely for the purpose of allowing the Burda Bros. to advance an argument in front of this court that they would otherwise be unable to advance, i.e., that the Michigan Court of Appeals erred when it found that the Michigan Fireworks Law is not preempted by federal regulations. This court will not allow the Burda Bros. plaintiffs to execute an end run around the *Rooker/Feldman* doctrine in this manner. Accordingly, this court will dismiss the claims of Pickelman and Snarski without prejudice, and allow them to raise these claims in litigation separate from the Burda Brothers.**

With regard to the claims of vagueness, the state court did not adjudicate those claims because it found that the statute was preempted. Accordingly, it

would appear that *Rooker/Feldman* would not apply to those claims. However, plaintiffs' claims of vagueness lack merit, and therefore should be dismissed on their merits. The primary basis for plaintiffs' claims of vagueness is the presence in § 750.243a of phrases such as "and other similar devices" (§ 750.243a(1)(b); § 750.243a(1)(c)) and "other fireworks of like construction" (§ 750.243a(2)(c)). However, a thorough review of the statute indicates that the terms of the statute are more than adequately defined. The fact that the legislature was unable or unwilling to specifically list each and every conceivable kind of firework does not render the statute unconstitutionally vague. Accordingly, this court finds that plaintiffs' claims of vagueness lack merit.

61 F.Supp.2d at 658–59 (emphasis added).

On March 2, 2000, Plaintiffs filed their "Complaint for Declaratory Relief and Damages." On March 28, 2000, Plaintiffs filed their First Amended Complaint, which added Colonel Michael D. Robinson, "in his official capacity," as a Defendant. As in the original Complaint in this civil action, Plaintiffs set forth a single count for declaratory and injunctive relief:

> Plaintiffs respectfully request[ ] that this Honorable Court, after an evidentiary hearing, if necessary, issue an order granting declaratory relief on the validity of and an injunction against the enforcement of the following:
>
> A. The Michigan fireworks statute M.C.L. § 750.243a–d, as preempted by the mandatory federal regulations as to classification, description, packaging, labeling and for all other purposes.
>
> B. The Michigan fireworks statute, M.C.L. § 750.243a(2), as unconstitutionally void for vagueness in that the phrases "other similar devices", "other fireworks of like construction" and "other modern explosives" contained therein do not give the merchant or the consumer adequate

notice of what may be sold, possessed, and used in Michigan without a permit.

> C. The restriction of out-of-state sales of consumer fireworks, under M.C.L. § 750.243a(3)(g), to only when they are transported by common carrier.
>
> D. The forfeiture of ordinary commercial stock consisting of U.S. DOT Div. 1.4G consumer fireworks seized without warrant, or held under warrant pursuant to M.C.L. § 780.655, as being contraband *per se* or designated by M.C.L. § 600.4701.

(First Amended Compl. ¶ 40.)

On May 9, 2000, Defendants filed their Motion to Dismiss and for Summary Judgment. Defendants request that this Court dismiss this civil action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or grant summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**Discussion**

**1. Standard for exercising discretion to entertain a claim for declaratory judgment**

Pursuant to Tile 28, United States Code, Section 1331, federal district courts have subject matter jurisdiction over a civil action in which a party seeks declaratory and injunctive relief from a state regulation on the ground that such regulation is preempted by a federal statute. *See Alltel Tennessee, Inc. v. Tennessee Public Service Commission*, 913 F.2d 305, 308 (6th Cir.1990). Federal courts, however, have discretion to exercise jurisdiction to grant relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–88, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). The Declaratory Judgment Act "is an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64, 72, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985)

(quoting *Public Service Commission v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952)).

According to the United States Court of Appeals for the Sixth Circuit, "[t]he two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Allstate Insurance Co. v. Mercier*, 913 F.2d 273, 277 (6th Cir.1990) (quotation and citation omitted). The Sixth Circuit explained that "when neither of these results can be accomplished, the court should decline to render the declaration prayed." *Id.* (quotation and citation omitted).

The Sixth Circuit has enumerated several factors that courts should consider in determining whether to exercise jurisdiction over a declaratory judgment action: (1) whether the [declaratory] judgment would settle the controversy; (2) whether the declaratory judgment would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

*Scottsdale Insurance Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir.2000); *see Allstate Insurance Co.*, 913 F.2d 273, 277; *American Home Assurance Co. v. Evans*, 791 F.2d 61, 63 (6th Cir.1986).

### 2. Analysis

This Court will exercise its discretion not to entertain this declaratory judgment action according to the criteria and factors adopted by the Sixth Circuit.

### a. Whether a declaratory judgment would settle the controversy

At least two of the legal issues on which Plaintiffs seek a declaratory judgment—those raised in Subparagraphs A and B of Paragraph 40 of Plaintiffs' First Amended Complaint—appear to already have been settled by this Court in *Burda Brothers, Inc. v. Walsh*, 61 F.Supp.2d 648 (E.D.Mich.1999), by the Michigan state courts in *Stajos v. City of Lansing*, 221 Mich.App. 223, 561 N.W.2d 116 (1997), and by the Supreme Court of the United States when it denied a petition for a writ of certiorari, *Stajos v. City of Lansing*, 526 U.S. 1065, 119 S.Ct. 1455, 143 L.Ed.2d 542 (1999).

Plaintiffs' counsel here, Hugh M. Davis, Jr. of Constitutional Litigation Associates, P.C., also represented the plaintiffs in *Burda Brothers, Inc.*—Burda Brothers, Inc., Efim Burda, Elissa Burda, and Plaintiffs here—and the plaintiff in *Stajos* – William James Stajos, who was doing business as American Eagle Fireworks, Inc. The relevant portion of this Court's ruling in *Burda Brothers, Inc.* is quoted above. In *Stajos*, the Michigan Court of Appeals ruled as follows:

Plaintiff appeals as of right from an order denying him the relief he sought in this declaratory judgment action. We affirm.

On June 17, 1993, police officers entered one of plaintiff's Lansing business locations and seized certain fireworks pursuant to a search warrant. Six days later, plaintiff filed a complaint seeking injunctive relief and a declaratory judgment. He alleged that he was entitled to an injunction to prevent the threat of further seizures, given the impending July 4th fireworks season. The complaint further asserted that the case arose from the fact that there are a number of well-defined categories of common fireworks recognized by the United States Department of Transpor-

tation (USDOT) that are neither specifically restricted nor specifically allowed by M.C.L. § 750.243a; M.S.A. § 28.440(1). It was plaintiff's position that a proper reading of this statute allowed the unrestricted sale of the following kinds of fireworks: helicopter type rockets, mines and shells, ground spinners, wheels, illuminating torches, and new and novel items not specifically classified, but approved by USDOT as class C common fireworks. Plaintiff alternatively argued that M.C.L. § 750.243a; M.S.A. § 28.440(1) was preempted by federal regulations or, as a criminal statute, was void for vagueness as it related to the five specifically enumerated categories of federal class C common fireworks.

\*    \*    \*    \*    \*    \*

Plaintiff ... argues that M.C.L. § 750.243a; M.S.A. § 28.440(1) is preempted by various federal regulations. The trial court rejected this claim, finding no conflict between the federal regulations and the statute and no reason to suppose that Congress intended to preempt the states from regulating fireworks sales.

In considering plaintiff's preemption claim, we are cognizant that Congress explicitly may define the extent to which its enactments preempt state law. *Schneidewind v. ANR Pipeline Co.,* 485 U.S. 293, 302, 108 S.Ct. 1145, 1151–52, 99 L.Ed.2d 316 (1988). In the absence of an express Congressional command, state law is preempted if that law actually conflicts with federal law or if federal law so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the states to supplement it. *Cipollone v. Liggett Group, Inc.,* 505 U.S. 504, 516, 112 S.Ct. 2608, 2617, 120 L.Ed.2d 407 (1992). Properly promulgated federal regulations may also preempt state statutes. *In re Freedland's Estate,* 38 Mich.App. 592, 596, 197 N.W.2d 143 (1972).

The trial court properly rejected plaintiff's preemption claim. There is no preemption because the federal regulations cited by plaintiff address only the packaging and classification of fireworks for interstate shipment and do not address the sale or use of fireworks within a state. *Cf. Colorado Pyrotechnic Ass'n v. Meyer,* 740 F.Supp. 792 (D.Colo.1990). Further, 18 U.S.C. [§] 836 imposes criminal penalties on a person who knowingly transports fireworks "in a manner or for a use prohibited by the laws of such State specifically prohibiting or regulating the use of fireworks." This provision also indicates that the definitions of fireworks contained in the laws of the respective states shall be applied. It is thus apparent that the federal regulations contemplate that states are not preempted from regulating the intrastate sale and use of fireworks.

[ ]

Plaintiff also complains that the fireworks statute is unconstitutionally void for vagueness. As recently stated in *People v. Lino,* 447 Mich. 567, 575– 576, 527 N.W.2d 434 (1994):

In order to pass constitutional muster, a penal statute must define the criminal offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Vagueness challenges that do not implicate First Amendment freedoms are examined in light of the facts of each particular case. When making a vagueness determination, a court must also take into consideration any judicial constructions of the statute.

Thus, there are at least three ways a penal statute may be found unconstitutionally vague: (1) failure to provide fair notice of what conduct is prohibited, (2) encouragement of arbi-

trary and discriminatory enforcement, or (3) being overbroad and impinging on First Amendment freedoms. [Citations omitted.]

Plaintiff challenges as being void for vagueness subsections 1(b) and (c), which define "Class B fireworks" and "Class C fireworks" respectively by listing various fireworks types and ending their classification with the phrase "and other similar devices," subsection 2(c), which lists a set of controlled fireworks by type and ends with the phrase "or other fireworks of like construction," and subsection 2(d), which lists a set of controlled fireworks by type and ends with the phrase "or other modern explosives."

When evaluating the vagueness of a statute, this Court will "look to the entire text of the statute to determine whether the requisite certainty exists." *People v. Hayes,* 421 Mich. 271, 284, 364 N.W.2d 635 (1984).... [T]he Legislature had made the sale, possession, or use, without a permit, of all fireworks not expressly permitted by section 3 a misdemeanor. Therefore, it is not necessary to determine exactly what "other similar devices," "other fireworks of like construction," or "other modern explosives" mean to know what fireworks are prohibited for sale without a permit. Indeed, the "other fireworks of like construction" and "other modern explosives" phrases effect only a partial ban on those fireworks not excepted elsewhere in the statute. These phrases are swallowed up by subsection 2(d), which refers to "fireworks containing an explosive or inflammable compound" and ban the use, sale, or possession of all fireworks not permitted elsewhere in the statute. Therefore, any question concerning the alleged vagueness of the language of subsections 2(c) and (d) is moot because the legality of fireworks sales, possession, or use is determined by the "[f]ireworks containing an explosive or inflammable compound" phrase in subsection 2(d), regardless of an activity's disposition under the remainder of subsections 2(c) and (d). We further note that the use of the phrase "other similar devices" in subsections 1(b) and (c) is only utilized in determining the proper storage of fireworks. M.C.L. § 750.243d(b); M .S.A. § 28.440(4)(b).

In sum, the permitted fireworks are readily discernible from a cursory reading of subsection 3. Thus, we find that M.C.L. § 750.243a; M.S.A. § 28.440(1) provides fair notice of prohibited conduct and does not provide for arbitrary and discriminatory enforcement. As stated by the prosecuting attorney in his brief on appeal, "Although the fireworks statute is not a model of clarity, it passes constitutional muster."

221 Mich.App. at 224–25, 234–38, 561 N.W.2d 116 (footnotes omitted). The Michigan Court of Appeals noted, however, that, "Sections 243b, 243c and 243d, M.C.L. §§ 750.243b, 750.243c, 750.243d; M.S.A. §§ 28.440(2), 28.440(3), 28.440(4), are other exceptions that are not expressly relevant to this appeal." *Stajos,* 221 Mich. App. at 237 n. 6, 561 N.W.2d 116. Nevertheless, in *Burda Brothers, Inc.,* this Court considered and dismissed as without merit the same challenge to Section 750.243a–d presented here. *See* 61 F.Supp.2d at 659.

The Supreme Court of Michigan denied leave to appeal the opinion of the Michigan Court of Appeals. *Stajos v. City of Lansing,* 459 Mich. 851, 584 N.W.2d 588 (1998). The Supreme Court of Michigan also denied a motion for reconsideration of its order denying leave to appeal the opinion of the Michigan Court of Appeals. *Stajos v. City of Lansing,* 459 Mich. 851, 587 N.W.2d 500 (1998). The Supreme Court of the United States denied a petition for a writ of certiorari to review the opinion of the Michigan Court of Appeals. *Stajos v. City of Lansing,* 526 U.S. 1065, 119 S.Ct. 1455, 143 L.Ed.2d 542 (1999). In short, the plaintiff in *Stajos* exhausted his appeals on this issue through the state courts and to the Supreme Court of the

United States. Now, Plaintiffs' counsel is attempting to bring the same issues before the federal district court, which this Court considers to be inappropriate.

### b. Whether a declaratory judgment would serve a useful purpose in clarifying the legal relations at issue

In light of the history of the litigation of the legal issues before this Court, the Michigan state courts, and the Supreme Court of the United States, this declaratory judgment action would not serve a useful purpose in clarifying the legal relations at issue. The Michigan state courts are more than fully capable of resolving any unresolved state-law-based legal relations between the parties, namely those raised in Subparagraphs C and D of Paragraph 40 of Plaintiffs' First Amended Complaint.

### c. Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"

While Plaintiffs' request for a declaratory judgment does not appear to be merely "procedural fencing" or a "race for res," Plaintiffs here do appear to be using the Declaratory Judgment Act as a means of appealing to this Court a state court ruling—albeit one involving a different plaintiff—on which appeals have been exhausted. As this Court observed in *Burda Brothers, Inc.*, Plaintiffs' counsel appears to be attempting to execute another kind of end run around the various abstention doctrines—including the *Rooker/Feldman* doctrine cited by this Court in *Burda Brothers, Inc.*, 61 F.Supp.2d at 658–59— that prevent review of state court ruling in federal court. Certainly, if William James Stajos or American Eagle Fireworks, Inc. were the plaintiffs in this civil action, this Court would not entertain a declaratory judgment action under the *Rooker/Feldman* doctrine. Plaintiffs' counsel simply has substituted one plaintiff for two other similarly situated plaintiffs. This Court does not find old wine in new wineskins to be any more palatable.

### d. Whether the use of a declaratory action would increase the friction between federal and state courts and improperly encroach upon state jurisdiction

Permitting Plaintiffs to maintain a declaratory action in this Court may encroach upon the Michigan state courts' jurisdiction and certainly would increase friction between federal and state courts in Michigan when such friction is at a recent high. *See People v. Puertas*, —— Mich. ——, 613 N.W.2d 297 (2000). In *American Home*, the Sixth Circuit worried aloud: "We question the need for federal courts to issue declaratory judgments in such cases where a state court has already accepted jurisdiction over the subject matter of the lawsuit." *American Home*, 791 F.2d at 63. Even though this case presents different plaintiffs than in *Stajos*, some of the legal issues have been adequately resolved by this Court and the Michigan state courts as discussed above, and the remaining state-law-based legal issues in Subparagraphs C and D of Paragraph 40 of Plaintiffs' First Amended Complaint can be adequately resolved in the Michigan state courts.

### e. Whether there is an alternative remedy which is better or more effective

A non-declaratory action brought in state court or federal court which does not raise legal issues already resolved by this Court or the Michigan state courts would provide a better and more effective remedy for the reasons stated above.

Because exercising jurisdiction over this declaratory action would not serve a useful purpose in clarifying and settling the legal relations in issue, and because the instant action may not as effectively terminate and afford relief from whatever uncertainty, insecurity, or controversy that gave rise to

this proceeding, this Court declines to exercise jurisdiction over this civil action and will grant Defendants' motion by dismissing Plaintiffs' civil action without prejudice.

**Conclusion**

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss and for Summary Judgment [Docket Entry 5] is **GRANTED.**

**IT IS FURTHER ORDERED** that this civil action is **DISMISSED.**

**IT IS FURTHER ORDERED** that if Plaintiffs' counsel files any civil action in the United States District Court for the Eastern District of Michigan or the United States District Court for the Western District of Michigan that asserts claims for relief that are the same as or related to those raised in the instant civil action, then counsel shall attach a copy of this Memorandum Opinion and Order to the initial pleading.

**SO ORDERED.**